## STAUDENHEIMER v NEWARK (city)

Ohio Appeals, 5th Dist, Licking Co

No 1885. Decided Jan. 6, 1939

Fitzgibbon, Black & Fitzgibbon, Newark, for plaintiff-appellant.

J. Dale McNamar, Newark, for defendant-appellee.

## OPINION

By LEMERT, J.

The petition of plaintiff sets forth the facts concerning an automobile accident and alleging that the accident and injury of plaintiff was occasioned by the negligent operation, by the agent of the defendant, of its fire truck. The defendant by its answer admitted the accident, the agency of the driver of the truck, and that the truck was owned by the defendant and operated by it. The defendant in its second defense then alleged certain facts. namely, that the truck was, under orders of the fire chief, being driven to the Central Fire Department Station to replace the fire engine of that station while it answered a fire call in the district of the truck which was in the accident. The defendant then alleged that these facts constituted the use of the truck in a governmental function and emergency call.

The case was submitted to the common pleas court upon demurrer by the plaintiff to defendant's second defense, which alleged a pursuance of a governmental function by the defendant. The court overruled the demurrer, and plaintiff not desiring to plead further, final judgment was rendered for defendant. It is from the judgment of the court in overruling the demurrer that an appeal is made to this court.

By this demurrer it is admitted that the North End fire truck was replacing the Central Fire truck while that engine was covering a fire in the North End district, and that this was done under orders of the fire chief. The conclusion of law pleaded by the defendant, that these facts show a governmental function in that they describe an emergency call, are not admitted by the demurrer—in fact, that is the exact question to be decided. Do these facts as pleaded by the defendant constitute a governmental function as an emergency call as a matter of law? If they do, the defendant has by Statute a valid defense to plaintiff's petition. If they do not, defendant is in the position of the ordinary defendant in a negligence case.

It is to be noted that the action of the North End fire truck in proceeding as it did was part of the operation of the answering of the fire alarm: that the answering of the fire alarm made necessary two things; one, the proceeding of the squad wagon to the fire; second, replacing of the squad wagon by the North End fire truck in answer to the same alarm; which two operations working together formed a part of the act of servicing one fire.

It is contended that it was absolutely necessary to have the North End fire truck replace the squad wagon at the Central Fire Station in order to afford an adequate fire protection to any part of the city at any ordinary fire; that by so doing the activities of the entire fire department in taking care of fires is necessary to enable the fire department to successfully combat fires in any part of the city where a fire may occur while the squad wagon is gone upon a call; that in the passing of the North End fire truck to the Central Station, in the event of the absence of the Central Station squad wagon in answer to an alarm, there would be no means of communication with the crew of the North End fire truck from the time said crew leaves the North End station until it reaches the Central Fire Station; that when the squad wagon leaves the Central Fire Station in answer to a fire call, the procedure of the squad wagon is within the defense of the statute "in answer to an emergency alarm"; that the act of the North End first truck in replacing the squad wagon when the squad wagon answers an emergency alarm is an act in answering an emergency alarm, because it answers the same alarm that the Central Fire Station squad wagon answers, by proceeding to the Central Fire Station, un-

der a rule of the Fire Department, in answer to the same alarm; that this act of replacement by the North End fire truck and its crew is a governmental function as a result of an unforeseen combination of circumstances which calls for immediate action.

The statute hereinbefore referred to is §3714-1, which reads as follows:

"Provided, however, that the defense that the officer, agent, or servant of the municipality was engaged in performing a governmental function, shall be a full defense as to the negligence of members of the police department engaged in police duties, and as to the negligence of members of the fire department while engaged in duty at a fire or while proceeding toward a place where a fire is in progress or is believed to be in progress or in answering any other emergency alarm."

It is undoubtedly the law of Ohio that a municipality is not liable for injury due to failure to perform or negligence in performance of a governmental function except where the statute permits. In other words, a city can not be sued for anything in the nature of a governmental function unless the statute permits it to be sued. Consequently the city can not be sued in this case under the statute because the action of the fire truck was in answer to an emergency alarm and comes as a defense clearly within §3714-1, GC.

In the case of Rollo v Ogden City, 66 Utah 475; 243 Pacific, 791; holds that a fire truck replacing another fire truck called to a fire is acting in a governmental function and the city is not held liable.

So that, under the allegations of this second defense, the defendant would be entitled to show that the action of the North End fire truck was in the exercise of governmental function in answer to an emergency alarm. So it follows that we find that the court below rightfully overruled the demurrer.

Therefore it follows that the judg-

ment of the court below will be and the same is affirmed.

Exceptions may be noted.

MONTGOMERY, PJ, and SHERICK, J, concur.