194 F.2d 38
 STATE OF WASHINGTON et al.
v.
UNITED STATES.
UNITED STATES
v.
STATE OF WASHINGTON et al.
 No. 12895.
 United States Court of Appeals Ninth Circuit.
 January 25, 1952.
 
 1
 Smith Troy, Atty. Gen., of Washington, Harry L. Parr and C. R. Nelson, Asst. Attys. Gen., of Washington, for appellant State of Washington.
 
 
 2
 J. Charles Dennis, U. S. Atty., Guy A. B. Dovell, John E. Belcher, Assts. U. S. Attys., Seattle, Wash., for appellant United States.
 
 
 3
 Before DENMAN and ORR, Circuit Judges, and DRIVER, District Judge.
 
 
 4
 DRIVER, District Judge.
 
 
 5
 The State of Washington, as subrogee of a State Patrolman, under the provisions of the Workmen's Compensation Law,[1] and the Attorney General of the State, as plaintiffs, brought an action against the United States, based upon the Federal Tort Claims Act,[2] for damages for personal injuries sustained by the Patrolman, when the vehicle which he was driving came into collision with a Government fire truck. The plaintiffs appealed from a judgment for the defendant. The United States cross-complained for damages to its fire truck and cross-appealed from the District Court's denial of its claim. However, abandonment of the cross-appeal was announced in the oral argument, and, henceforth in this opinion, we shall refer to the State of Washington and its Attorney General as appellants and to the United States as appellee.
 
 
 6
 As the trial judge remarked in the oral announcement of his decision, the facts "are scarcely in dispute at all." From the findings and the supporting evidence, we summarize them as follows:
 
 
 7
 For a good many years prior to the occurrence hereinafter related, there had been an established practice based upon an informal understanding, whereby the Fire Departments of the City of Vancouver, Washington, and of nearby Vancouver Barracks, a United States Army Post, rendered each other mutual assistance and support in that when one received a fire alarm, the other was immediately notified and dispatched its fire truck to stand by at the station receiving the alarm so as to be available for service during the emergency.
 
 
 8
 On March 9, 1945, at about four o'clock, p. m., the Vancouver Fire Department received a fire alarm, and, in response to a call from the City, a truck was dispatched from the Vancouver Barracks Fire Department to stand by at the City Fire Station. The Government truck was operated by an Army corporal and carried two other soldiers as fire fighters. Following the customary and designated route, the truck drove out of the military reservation to Tenth Street and proceeded in a westerly direction along Tenth at a speed of about thirty miles an hour and with its siren sounding and red warning lights flashing continuously. After it had gone something over two blocks and was approaching the right angle intersection of Tenth and Washington Street, duly designated and marked as an arterial highway, the driver of the truck reduced its speed to approximately twenty-five miles an hour and entered the intersection without stopping, but with siren sounding and red lights flashing. The truck had reached a point near the center of the intersection when it struck the rear left portion of a car driven by a State Patrolman, who was then driving south on Washington Street on his way to the State Patrol office in Vancouver. The Patrolman failed to hear or to see the Government fire truck in time to avoid it and did not yield it the right of way. The impact of the collision threw the Patrolman out of his car and caused him to suffer the injuries which were the basis of appellants' damage action.
 
 
 9
 The trial court concluded that the proximate cause of the accident was the failure of the driver of the State Patrol car to yield the right of way to the Government fire truck, an authorized emergency vehicle engaged in an emergency mission and, by Washington statute, exempt from compliance with highway safety regulations, and that the State was not, therefore, entitled to recover for injuries sustained by the State Patrolman.
 
 
 10
 The applicable Washington statute (Sec. 5(a), Ch. 189, Laws of Washington, 1937, Rem.Rev.Stat., Sec. 6360-5), in pertinent part, is as follows:
 
 
 11
 "The provisions of this act [Washington Motor Vehicle Act, Ch. 189, Laws of Washington: 1937] shall be applicable to the operation of any and all vehicles upon the public highways of this state except that they shall not apply in the following cases:
 
 
 12
 "(a) To any authorized emergency vehicle properly equipped as required by law and actually responding to an emergency call or in immediate pursuit of an actual or suspected violator of the law, within the purpose for which such emergency vehicle has been authorized: Provided, That the provisions of this section shall not relieve the operator of an authorized emergency vehicle of the duty to operate with due regard for the safety of all persons using the public highway nor shall it protect the operator of any such emergency vehicle from the consequence of a reckless disregard for the safety of others".
 
 
 13
 The statute exempts certain vehicles, on the specified conditions, from all requirements of the Washington Motor Vehicle Act, and among such requirements are maximum speed limits, the provision that a vehicle shall come to a full stop before entering an arterial highway, and the rule that the driver of a vehicle approaching an intersection shall yield the right of way to a vehicle simultaneously approaching the intersection from his right.
 
 
 14
 The State Patrol car clearly was not within the statutory exemption. The Patrolman was driving to the Vancouver office of his organization and was not engaged in any immediate pursuit.
 
 
 15
 The Government fire truck, it is conceded, was an authorized emergency vehicle, properly equipped, as required by law. It seems clear also that, at the time of the collision, it was being used "within the purpose" for which it was authorized. The basic question presented, then, is whether the fire truck was actually responding to an emergency call within the meaning of the statute.
 
 
 16
 No case has been brought to our attention in which the Washington State Supreme Court has passed upon such a question in connection with the statute under consideration or with reference to any other statute or city ordinance. We must, therefore, construe the Washington statute without any assistance from the Washington Court. Appellee directs our attention to Puget Sound Electric Ry. v. Benson, 9 Cir., 253 F. 710, 711, in which this Court had occasion to construe an ordinance of the City of Seattle granting the right of way to certain emergency vehicles. There, a city fireman was driving a fire truck back to the station after answering a fire alarm, when he was injured in a collision with an electric street car. The fireman sued for damages, and the question was whether the rights of the parties were governed by the provision of the ordinance that "the following vehicles in the order named" should have the right of way in the use of all streets, namely, "apparatus of the fire department, police patrol wagons, ambulances, responding to emergency calls, emergency repair wagons of the street railway companies, and U. S. mail wagons." It was held that the qualifying clause "responding to emergency calls" referred only to "ambulances" and not to the antecedent "apparatus of the fire department" and, therefore, that the ordinance was applicable whether or not the fire truck was responding to an emergency call. In the opinion, the Court said, by way of supporting argument, that it would be redundant to apply an "emergency call" qualification to the movements of fire department vehicles, since such vehicles were equally discharging their protective functions whether they were "responding to one call or making ready to meet the exigencies of another," but the crux of the holding was that the Seattle ordinance gave fire department vehicles the right of way on city streets whether or not such vehicles were engaged in responding to emergency calls.
 
 
 17
 Appellants cite cases holding that statutes exempting fire department vehicles going to a fire or responding to a fire alarm do not apply to such vehicles while engaged in returning from a fire.[3] We do not regard such cases as in point here. In the present case, the Government fire truck was not returning from a fire or from a run made in response to a fire alarm. It was responding to an emergency call, the same call which took the Vancouver truck from its station. The alarm which came to the Vancouver Fire Station created an emergency situation which reasonably required two measures to meet it — first, that the Vancouver fire truck proceed immediately to the scene of the fire and, second, that the Government fire truck go to the Vancouver Fire Station, there to stand by. This was so, we may assume, for the reason that the Vancouver Fire Department had only enough apparatus to fight one fire at a time.
 
 
 18
 Our conclusion is supported by the only case we have found in which a court has been called upon to apply the statutory term "emergency call" or "emergency alarm" to a factual situation such as we have here. Staudenheimer v. City of Newark, 62 Ohio App. 255, 23 N.E.2d 845. In that case, a statute provided, in effect, that a city was not liable for negligence of the members of its fire department while they were engaged in answering an "emergency alarm." Suit was brought against a city for alleged negligence of one of its firemen in the operation of a fire truck. The city had a North End Fire Station and a Central Fire Station. The accident and injury of the plaintiff occurred while the North End Station fire truck was being driven, under orders of the Fire Chief, to the Central Station to replace the fire truck of that station while the latter answered a fire alarm in the district of the North End Station. The Ohio Court of Appeals held that the fire truck of the North End Station, although it was on its way to another fire station to stand by and not directly responding to a fire alarm in the sense that it was heading toward the scene of the fire, was, none-the-less, answering an emergency alarm. The Court took the view that both the North End truck and the Central truck were answering the same fire alarm and that the two trucks, working together, were carrying on an operation necessary to the servicing of the one fire.
 
 
 19
 There remains for consideration appellants' contention that even though the Government fire truck was, at the time of the accident, responding to an emergency call and, hence, within the exemption of the Washington statute, it was not operated "with due regard for the safety of all persons using the public highway", as required by the statute, and, on that basis, appellants were entitled to recover. Specifically, appellants argue that, notwithstanding the exemption of the Government fire truck from the statutory duty to stop before entering the arterial street, the driver of the truck should have looked out for and avoided striking the State Patrol car.
 
 
 20
 In the case of Balthasar v. Pacific Electric Ry. Co., 187 Cal. 302, 202 P. 37, 41, 19 A.L.R. 452, the Supreme Court of California had under consideration a statute which gave the right of way to fire department apparatus and other emergency vehicles while being operated as such "with due regard to the safety of the public." The California Court construed the "due regard to the safety of the public" limitation upon the exercise of the right of way granted to emergency vehicles to mean only that the driver of the favored vehicle should give other users of the highways proper and adequate notice of its approach and thus afford those required to yield the right of way a reasonable opportunity to do so. The rule of the Balthaser case has been followed in many later California cases.[4]
 
 
 21
 Appellants call our attention to City of Kalamazoo v. Priest, 331 Mich. 43, 49 N.W. 2d 52, in which the Supreme Court of Michigan mentioned, but declined to follow, the California rule. In the Michigan case, a fireman was driving a fire truck in response to an emergency call and was crossing a "through" or arterial street without stopping, when he brought the vehicle into collision with an automobile which was proceeding along the arterial street in compliance with traffic regulations. In an action for damages for personal injuries of the fireman resulting from the collision, it was held that the fireman was guilty of contributory negligence as a matter of law for his failure to maintain a reasonable and proper lookout for traffic on the intersecting through street, which he was attempting to cross.
 
 
 22
 A Michigan statute provided that fire department vehicles (and other emergency vehicles) should have the right of way when operated upon official business and "the drivers thereof sound audible signal by bell, siren, or exhaust whistle," but that the driver of such vehicles was not relieved from the duty to drive with due regard for the safety of all other persons using the highway. The Michigan Court called attention to the fact that the grant of the right of way to emergency vehicles by the terms of the statute was conditioned upon their sounding the required audible signal and reasoned that the legislature must, therefore, have had in mind more than the giving of adequate warning of the approach of the favored vehicle, when it enjoined the driver thereof to have due regard for the safety of other users of the highway.
 
 
 23
 The Washington statute under consideration does not make the giving of audible or other warning a condition precedent to the exemption of emergency vehicles from traffic regulations and, in that regard, differs from the Michigan statute; but whether or not the Michigan case is distinguishable, we prefer the reasoning of the California cases, cited above. It is in the public interest that an emergency vehicle reach its destination and accomplish its mission as expeditiously as possible and, for that reason, it is given statutory exemption from traffic regulations. The driver of the vehicle has the right to assume that, if he gives adequate warning of his approach, others will yield him the right of way and will take into account the fact that his speed is not subject to the usual limitations. The exercise, in the public interest, of his special privileges as to speed and right of way is not consistent with due regard for the safety of others in the ordinary sense. If, as the California Courts have pointed out, he is to be required to drive with due regard for the safety of other users of the highway, the same as unexempt drivers are required to do, then the exemption granted to him by the statute would be meaningless.
 
 
 24
 In the present case, the driver of the Government fire truck continuously sounded a siren and flashed red warning lights. He thus gave adequate and proper notice of the approach of an emergency vehicle and, we think, operated his vehicle with due regard for the safety of other users of the city streets.
 
 
 25
 The trial court found that the Government fire truck was not traveling at excessive speed, and there is nothing in the court's findings or in the evidence to indicate that the truck was being operated in a reckless manner. We need not consider, therefore, the statutory proviso that protection is not afforded the operator of an emergency vehicle from the consequence of a reckless disregard for the safety of others.
 
 
 26
 Judgment affirmed.
 
 
 
 Notes:
 
 
 [1]
 Rem.Rev.Stat. Sec. 7675
 
 
 [2]
 Title 28, U.S.C.A. § 1346
 
 
 [3]
 For example, Schumacher v. City of Milwaukee, 209 Wis. 43, 243 N.W. 756; Audette v. New England Transportation Co., 71 R.I. 420, 46 A.2d 570
 
 
 [4]
 Lucas v. City of Los Angeles, 10 Cal.2d 476, 75 P.2d 599; Coltman v. City of Beverly Hills, 40 Cal.App.2d 570, 105 P.2d 153; Isaacs v. City and County of San Francisco, 73 Cal.App.2d 621, 167 P.2d 221, 224; Reed v. Simpson, 32 Cal. 2d 444, 196 P.2d 895; Goldstein v. Rogers, 93 Cal.App.2d 201, 208 P.2d 179