**GILPIN et al. v. UNITED STATES.**

**Civ. No. 1648.**

United States District Court,
W. D. Washington, S. D.

Jan. 14, 1954.

Robert B. Abel, Tacoma, Wash., for plaintiffs.

Charles P. Moriarty, U. S. Atty., Guy A. B. Dovell, Asst. U. S. Atty., Tacoma, Wash., for defendant.

BOLDT, District Judge.

Plaintiffs seek to recover from defendant for severe personal injuries to plaintiff Maryon Gilpin and for damages to plaintiffs' automobile resulting from a collision with defendant's ambulance which occurred on September 15, 1952 at the intersection of Bridgeport Way and Steilacoom Boulevard, near Lakewood Center in Pierce County, Washington. By cross-complaint defendant seeks recovery for damages to its ambulance.

The claim and cross-claim herein arise under the Act of August 2, 1946, as amended, known as the Federal Tort Claims Act, Title 28 U.S.Code §§ 1346 and 1402.

Steilacoom Boulevard and Bridgeport Way are regularly established paved

roads which intersect each other at right angles. Steilacoom Boulevard runs generally east and west and Bridgeport Way runs generally north and south. Both roads are surfaced with what is commonly described as "black top" pavement. The pavement of each road is two-laned with a center stripe and at the time of the accident there was a red blinker stop light hanging above the center of the intersection. Highway signs require traffic on Steilacoom Boulevard to stop before entering the intersection and a yellow blinker caution light is provided for traffic on Bridgeport Way.

At the time of the accident plaintiffs were the owners of a 1951 Ford Station Wagon which was being operated by plaintiff wife southward on Bridgeport Way at about the hour of 5:45 p. m., at which time it was fully daylight and the weather conditions were good with clear visibility and dry roadway.

Defendant's vehicle, an Air Force ambulance, was an authorized emergency vehicle as defined by state law, RCW 46.04.040, properly equipped as required by law, and actually responding to an emergency call within the purpose for which it was authorized, having been dispatched to proceed immediately from McChord Air Force Base to the scene of an airplane crash in the Lakewood suburbs of Tacoma, Washington, to pick up the injured at the scene of the crash. One of the injured picked up by the ambulance was in a condition calling for immediate medical attention and required rushing the patient to the base hospital. In order to reach the hospital as soon as possible the ambulance, driven by A/2c Billy R. Minish, was proceeding in an easterly direction along Steilacoom Boulevard, approaching its intersection with Bridgeport Way.

The evidence establishes that the sound of the ambulance siren was loud and clear and was sounding continuously for a considerable distance while approaching the intersection, and that the emergency red light of the ambulance was flashing constantly while it proceeded eastward on Steilacoom Boulevard at a speed of approximately 65 miles an hour. As the driver neared the intersection the ambulance speed was reduced from 65 miles to about 35 miles an hour. The ambulance was required to pass to the left of several vehicles which had stopped on Steilacoom Boulevard to the west of the intersection at the approach of the ambulance and sound of siren. The driver of the ambulance, having checked the clearance on the right and the view on his left unobstructed for a distance of approximately 30 to 40 feet, with siren still sounding and red light still flashing, proceeded to cross the intersection without stopping and had reached a point just beyond the center of the intersection when the Ford Station Wagon, proceeding southward on Bridgeport Way, entered the intersection and struck the left side of the ambulance, causing the ambulance to swerve to the right and strike a utility pole, snapping the pole off at the base, and causing extensive damage to the front and left side of the ambulance.

■ Due and proper warning was being given of the ambulance's approach to the intersection and plaintiff driver was negligent in not hearing or heeding the siren and in not looking out for traffic on Steilacoom Boulevard when she came within the unobstructed view of such traffic a reasonable distance from said intersection and she either negligently failed to see or hear the approaching ambulance or negligently gave no heed thereto and continued on through the caution light to cross the intersection irrespective of the oncoming, fully visible ambulance, the sounding of its siren and the flashing of its red light.

■ The evidence establishes that the ambulance driver was exercising reasonable care at the time and place in question. On approaching the intersection he made a reasonable reduction of speed by application of his brakes, and in passing to the left of the cars standing at the intersection had the problem of looking out for cars coming from the obstructed view to his right. Having

**814**

given due warning of his approach the ambulance driver had the right to assume that the plaintiff driver, along with the drivers of other cars, would pull over to the right of the road and remain parked while the emergency vehicle passed. Even if the ambulance driver had seen the Ford Station Wagon approaching the intersection he would have had the right to assume that the driver would slow down or stop her car without proceeding into the pathway of the ambulance. State of Washington v. United States, 9 Cir., 194 F.2d 38.

The sole and proximate cause of the accident was the failure of the plaintiff driver to yield the right of way to the defendant's ambulance, an authorized emergency vehicle, which was then and there proceeding with due care and warning on an emergency mission. Plaintiffs' complaint dismissed and judgment awarded to defendant on its cross-complaint for damages to the ambulance in the sum of $1,172.02.