**BUTLER AND MAYFLOWER INSURANCE COMPANY, Plaintiffs, v. RAMSEY, Defendant.**

Municipal Court, Middletown.

No. 15083. Decided February 1954.

## OPINION

By LAMB, J.

The above styled case was heard by the Court without the intervention of a jury upon the petition of the plaintiffs, the answer of the defendant, and the evidence, all of the parties being present in Court and represented by Counsel.

In this action, plaintiffs seek to recover for damages to an automobile owned and operated by the plaintiff. Goodloe Butler, as the result of a collision between his motor vehicle and a 1951 Ford State Highway Patrol vehicle driven by the defendant.

By agreement of counsel, plaintiff, Goodloe Butler, was dismissed as a party plaintiff herein, for the reason that his damages had been paid by plaintiff, the Mayflower Insurance Company, a corporation, and said plaintiff, the Mayflower Insurance Company has been subrogated to the property damage claim of the aforesaid Goodloe Butler. In consequence, the word "plaintiff" as hereinafter used, shall refer solely to the Mayflower Insurance Company.

It is the claim of the plaintiff that the defendant, in the operation of his State Highway Patrol vehicle, was negligent in that he failed to operate, first: a flashing red light and give some audible signal by siren, whistle or bell; in that he operated his emergency vehicle without due regard for the safety of all persons on the highway in that he failed to yield the right of way to lawful users of the highway readily passing through an intersection; in that he failed to stop and remain stopped before entering into said intersection when the traffic control signal exhibited red to all vehicles traveling south on Main Street; that he failed to keep a proper look out for all vehicles lawfully passing through the intersection on the green light before proceeding through said intersection.

Second: Defendant's answer alleges only that the collision was the result of the sole negligence of the plaintiff.

### FINDING OF FACTS

In the present case, the facts of the case are almost beyond dispute and could easily have been submitted to the Court upon an agreed statement. However, it appears from the evidence, that on or about the 18th day of October 1952, at 4:29 P. M., Goodloe Butler was driving his said motor vehicle in a westerly direction on Columbia Avenue in the City of Middletown, Butler County, Ohio. At or about the same time,

the defendant was driving a State Highway Patrol vehicle in a southerly direction along North Main Street in the City of Middletown, Butler County, Ohio.

It appears from the evidence, beyond question, that Goodloe Butler entered the intersection of Columbia and North Main Streets at a speed of from ten to fifteen miles an hour and that the traffic light at said intersection was green to traffic driving west on Columbia. It appears with equal certainty that the defendant passed two motor vehicles (stopped at the intersection in response to the red light signal) upon the right hand side thereof, at a speed approximately twenty-five miles per hour, entered said intersection with his red light flashing and struck the front of plaintiff's vehicle with the left side of the patrol car.

All of the above facts were testified to, consistently, by both Goodloe Butler and defendant, Roger Ramsey. It was stipulated by Counsel that the damages, if any, due the plaintiff from the defendant, amounted to $502.00.

If it can, indeed, be said that there is any conflict in the evidence whatsoever, it concerns the operation by the defendant of his siren. According to the testimony of the defendant he sounded his siren when rounding the curve from Tytus Avenue on to North Main Street some 500 feet from the intersection of Columbia and North Main Street, and that by the time he had approached the intersection his siren was probably still rotating but not emitting audible sound.

The testimony of Goodloe Butler was to the effect that no audible sound was made by the siren immediately prior to the time he entered the intersection nor at any time during which he proceeded into and through the intersection.

The Court, therefore, can reach no other conclusion than that the siren of the defendant was not emitting any audible sound for some 50 feet from the intersection to the point of impact.

### FINDINGS OF LAW

The sole question for the determination of the Court, is therefore, did the emergency vehicle of the defendant lose the privileges and immunities the law grants to him in the use thereof by failing to make an audible signal upon the siren prior to, and after entering, said intersection.

A consideration of the statutes regulating emergency vehicles divulges that the following sections of the Ohio General Code are applicable thereto:—

**Sec. 6307-4(a) GC**

"The driver of any emergency vehicle when responding to

an emergency call upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway."

Sec. 6307-24 GC

"The prima facie speed limitations set forth in (§6307-21 GC) shall not apply to emergency vehicles when responding to emergency calls and the drivers thereof sound audible signals by bell, siren or exhaust whistle. This provision shall not relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons using the street or highway."

Sec. 6307-44(a) GC

"Upon the approach of an emergency vehicle when the driver is giving audible signal by siren, exhaust whistle or bell, the driver of every other vehicle shall yield the right of way and shall immediately drive to a position parallel to and as close as possible to the edge or curb of the highway clear of any intersection and shall stop and remain in such position until the emergency vehicle has passed, except when otherwise directed by a police officer."

"(c) This section shall not operate to relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons and property upon the highway."

Sec. 6307-93(b) GC

"Every emergency vehicle, shall be equipped with a siren, whistle or bell, capable of emitting sound audible under normal conditions from a distance of not less than five hundred feet and of a type approved by the director, but such equipment shall not be used except when such vehicle is operated in response to an emergency call." etc.

It is uncontested that the defendant at the time of said collision was operating an emergency vehicle under §6307-4(a) GC, in that he was upon an official emergency call from the State Highway Patrol headquarters. It necessarily follows, that he was privileged to pass through the red light at the intersection of North Main Street and Columbia Avenue, providing he slow down and pass such light cautiously. Likewise, and by virtue of §6307-24 GC, the prima facie speed limitation set forth in the Code, did not apply to the defendant in the operation on the highway of a patrol vehicle, if the defendant sounded an audible signal by siren. Under both Sections, however, he was not relieved from operating his vehicle with due regard for the safety of all persons in lawful use of said street.

The case of the City of Dayton v. Brennan, 112 N. E. 2nd, 837, sheds a measure of light upon the question to be determined here. In that case defendant was prosecuted under an ordinance of the City of Dayton for going through a red light, and his defense was, that due to the fact that he was a constable on official business, he was exempt from the enforcement of this ordinance, because he was driving an emergency vehicle. The evidence disclosed that the defendant was flashing a red light when he entered said intersection, but his automobile was not equipped with a siren, exhaust whistle or bell.

The Court, hearing the case without a jury, found the defendant guilty, saying "It is clear that because of the absence of a siren, exhaust whistle or bell, the automobile operated by the defendant was not an emergency vehicle and therefore he was not entitled to the right of way granted by §6307-44 GC, nor was he entitled to proceed cautiously past such red or stop sign as provided in §6307-4(a) GC."

Now, it is true, that the above case differs from our own case in that the defendant's vehicle therein was not equipped with any siren at all. However, the principle involved remains the same, to-wit: an emergency vehicle loses its privileges and immunities under the applicable statutes, when it proceeds against a red light signal or through a stop sign without making an audible sound upon its siren, exhaust whistle or bell.

It appears to the Court that the provisions of §6307-4(a) GC, permitting a driver of an emergency vehicle to pass through a red light or stop signal, are called into operation only when the driver thereof is giving an audible signal on a siren, exhaust whistle or bell. In this respect the provisions of the statute are mandatory and not directive. It appears to this Court that this conforms with the obvious intent of the legislature and that any person should be entitled to proceed through an intersection on a green light unless he is first warned of the approach of an emergency vehicle by an audible sound of a siren, exhaust whistle or bell. And particularly is this so in the present case, in which defendant elected to proceed on the right hand side of two halted automobiles proceeding in the same direction as himself and thereby blocking his flashing red signal from the view of Goodloe Butler.

It is the necessary sequitur that when the defendant failed to make an audible signal by the siren when entering the intersection of North Main Street from Columbia Avenue in the City of Middletown, he forfeited his status as an emer-

gency vehicle and therefore was not permitted to proceed through the intersection against the red signal light, under §6307-4(a) **GC**, even **assuming** he conducted himself with due regard for the safety of all persons using the street.

It is also clear to the Court that the defendant in the present case, did not proceed through the intersection at a rate of speed compatible with his duty to drive with due regard for the safety of all persons using the street, as provided in §6307-24 **GC**, even **assuming** the defendant was making an audible signal upon his siren.

We also find that Goodloe Butler was not guilty of any negligence at the time and place aforesaid, that he proceeded at a reasonable speed through the intersection in response to a green signal and that he did not violate the provisions of §6307-44(a) **GC** requiring him to yield the right of way clear of any intersection and to stop and remain in such position until the emergency vehicle has passed, all because the defendant failed to sound his siren.

It is our conclusion therefore, that the plaintiff, the Mayflower Insurance Company should recover from the defendant the sum of Five Hundred and Two Dollars ($502.00) together with its costs, and Counsel may prepare an entry in conformance with this opinion.