VILLAGE OF CENTERVILLE, APPELLANT, *v.* BENBOW, APPELLEE.

(No. 2393—Decided November 28, 1956.)

*Mr. James T. Lynn,* village solicitor, for appellant.
*Messrs. Curtner, Brenton & O'Hara,* for appellee.

WISEMAN, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County sustaining defendant's demurrer to the petition and, the plaintiff electing not to plead further, dismissing the action.

Defendant demurred on the ground that plaintiff's petition failed to state a cause of action. The action was one for damages to an automobile owned by the village of Centerville. At

the time of the collision the automobile was being driven by the village marshal acting in the course of his employment. The marshal, who was responding to an emergency call, collided with the automobile of defendant which had stopped on the highway in the lane in which the marshal was driving. Plaintiff alleges:

"Plaintiff's police officer, James R. Smith, observed defendant's vehicle as soon as it was discernible, immediately attempted to halt the police vehicle and to divert its course of travel, but was unable to avoid striking and did collide with defendant's automobile, causing damage to plaintiff's motor vehicle."

The demurrer was sustained on the ground that this allegation shows that the marshal was driving in violation of the "assured clear distance" provision of Section 4511.21, Revised Code, and was guilty of contributory negligence as a matter of law. The only error assigned involves this question. Plaintiff contends that Section 4511.21, Revised Code, has no application. The claim is made that Section 4511.24, Revised Code, excludes vehicles on emergency calls from the rules prescribed in Section 4511.21, Revised Code. Section 4511.24, Revised Code, provides:

"The prima-facie speed limitations set forth in Section 4511.21 of the Revised Code do not apply to emergency vehicles when they are responding to emergency calls, and when the drivers thereof sound audible signals by bell, siren, or exhaust whistle. This section does not relieve the driver of an emergency vehicle from the duty to drive with due regard for the safety of all persons using the street or highway."

The plaintiff alleges that the marshal was responding to an emergency call, but the plaintiff fails to allege that the marshal sounded audible signals by bell, siren or exhaust whistle as the statute prescribes. Therefore, the marshal is not relieved of compliance with Section 4511.21, Revised Code. Because of the state of the pleadings, we are not required to decide, and therefore do not discuss, the question as to whether if the marshal had complied with the provisions of Section 4511.24, Revised Code, he would not have been required to comply with the "assured clear distance" provision in Section 4511.21, Revised Code.

Furthermore, it will be observed that Section 4511.24, Revised Code, excepts "emergency vehicles" when they are responding to emergency calls. The plaintiff fails to allege that the marshal was operating an "emergency vehicle" as defined by paragraph (D) of Section 4511.01, Revised Code. Conceding, without deciding, that the police cruiser automobile which was being driven by the marshal was an "emergency vehicle," the marshal was not entitled to invoke the benefit of Section 4511.24, Revised Code, by his failure to "sound audible signals" of his approach as provided in that section. In other words, he forfeited his status as a driver of an "emergency vehicle." See *Butler* v. *Ramsey,* 67 Ohio Law Abs., 484, 121 N. E. (2d), 176; *City of Dayton* v. *Brennan,* 64 Ohio Law Abs., 525, 112 N. E. (2d), 837.

The demurrer was properly sustained. We find no error in the record prejudicial to the rights of the appellant. The judgment is affirmed.

*Judgment affirmed.*

MILLER, P. J., and HORNBECK, J., concur.