FARISH, APPELLANT, *v.* CITY OF SPRINGFIELD, APPELLEE.*

(No. 556—Decided March 4, 1959.)

*Mr. William E. Bailey,* for appellant.
*Mr. Richard Wehler,* law director, for appellee.

*Motion to certify the record overruled, November 4, 1959.

Wiseman, P. J. This is an appeal on questions of law from a judgment on the pleadings entered in favor of the defendant.

First, we are required to pass upon the motion filed by defendant-appellee to dismiss the appeal on the ground that plaintiff-appellant failed to file assignments of error. Section 2505.21, Revised Code, in part provides:

"Appeals taken on questions of law shall be heard upon assignment of error filed in the cause or set out in the briefs of the appellant before hearing. Errors not argued by brief may be disregarded, but the court may consider and decide errors which are not assigned or specified. Failure to file such briefs and assignments of error within the time prescribed by the court rules is cause for dismissal of such appeal."

Under the provisions of the above cited section and Rule VII of the Rules of the Courts of Appeals, this court over the years has repeatedly dismissed appeals for failure to file assignments of error or briefs within the time prescribed by rule of the court. In the instant case, the plaintiff has filed within time a brief in which he very definitely states the proposition of law for which he contends. No assignment of error, *eo nomine*, was filed separately or set out separately in the brief. However, his legal contention clearly appears in his briefs, to wit, that the judgment is contrary to law. Technically, this court would be warranted in dismissing the appeal for failure to comply strictly with the requirements of Section 2505.21, Revised Code, and Rule VII, *supra*, but we are disposed to give the statutory provision and the rule a liberal construction, in light of the situation presented by the record. We point out that Section 2505.21, Revised Code, provides that "the court may consider and decide errors which are not assigned or specified." It may be argued that this provision contemplates the filing of assignments of error, and that it confers authority to consider and decide additional errors not specifically assigned. Nevertheless, the statute lends some support to the action of this court in overruling the motion to dismiss and taking the case on the merits on the ground that the error of which plaintiff complains is clearly stated in the brief. See 3 Ohio Jurisprudence (2d), 457, 463, Sections 546, 551. In *Dietz* v. *Chandler*, 40 Ohio Law Abs., 10, 56 N. E. (2d), 937 (motion to certify overruled

November 24, 1943), where there were no separate assignments of error filed *eo nomine*, but where appellant filed a brief attacking the validity of the judgment in general terms on the ground that it was not supported by the evidence, the court held that the situation presented called for the exercise of discretion to disregard all errors except those mentioned in the brief with sufficient particularity to enable the court to identify them. In the instant case, we are disposed to exercise our discretion in taking the case on the merits and determine whether the judgment rendered on the pleadings is contrary to law.

In his amended petition plaintiff claims damages for personal injuries suffered when an automobile which he was operating collided with a fire truck, owned by the city of Springfield and operated by a fireman employed by the city, who at the time was responding to a fire alarm. The collision occurred at a street intersection. Plaintiff alleges that the driver of the fire truck was negligent and that he entered the intersection against a red light, at an excessive rate of speed, on the wrong side of the street, without audible signal, and without due regard for the safety of other persons using the street. In its amended answer the defendant set up three defenses: First, a general denial; second, that the fire truck was being operated by "an employee of this defendant while engaged in the performance of a governmental function, namely, by a member of the fire department of said city, while proceeding toward a place where a fire was in progress, or was believed to be in progress, and by reason whereof the defendant is not liable to plaintiff on account of his injuries"; third, that the fire truck was being operated at a reasonable rate of speed and that the red flashing lights on the truck were in operation and visible for a distance of 500 feet, and the siren was audible; and that plaintiff was contributorily negligent. To this answer plaintiff filed an amended reply admitting "that defendant's fire truck when this accident occurred was proceeding toward a place where a fire was believed to be in progress."

The defendant filed a motion for judgment on the pleadings. The trial court found that no material issue of fact was raised by the pleadings, and that as a matter of law the defendant was entitled to judgment.

Section 701.02, Revised Code (formerly Section 3714-1, General Code), provides as follows:

"Any municipal corporation shall be liable in damages for injury or loss to persons or property and for death by wrongful act caused by the negligence of its officers, agents, or servants while engaged in the operation of any vehicles upon the public highways of this state, under the same rules and subject to the same limitations as apply to private corporations for profit, but only when such officer, agent, or servant is engaged upon the business of the municipal corporation.

"*The defense that the officer, agent, or servant of the municipal corporation was engaged in performing a governmental function, shall be a full defense as to the negligence of*:

"(A) Members of the police department engaged in police duties;

"(B) *Members of the fire department while engaged in duty at a fire, or while proceeding toward a place where a fire is in progress or is believed to be in progress,* or in answering any other emergency alarm.

"Firemen shall not be personally liable for damages for injury or loss to persons or property and for death caused while engaged in the operation of a motor vehicle in the performance of a governmental function.

"Policemen shall not be personally liable for damages for injury or loss to persons or property and for death caused while engaged in the operation of a motor vehicle while responding to an emergency call." (Emphasis ours.)

The plaintiff contends that the above cited section should be construed in conjunction with Section 4511.03, Revised Code (formerly Section 6307-4, General Code), which is a part of the Uniform Traffic Act, which provides:

"The driver of any emergency vehicle, when responding to an emergency call, upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway."

The plaintiff contends that the rule conferring an immunity upon a municipality under the facts alleged should be relaxed,

and that the rule should be repudiated to the extent that the municipality should be held liable unless the driver of the fire truck complied with the provisions of Section 4511.03, Revised Code. In support of his contention that the immunity rule has been modified and should be repudiated he cites the following cases: *City of Dayton* v. *Brennan,* 64 Ohio Law Abs., 525, 112 N. E. (2d), 837, a criminal case; *Butler and Mayflower Insurance Co.* v. *Ramsey,* 67 Ohio Law Abs., 484, 121 N. E. (2d), 176, a civil action for damages against a State Highway Patrolman; *Village of Centerville* v. *Benbow,* 102 Ohio App., 333, 143 N. E. (2d), 165, an action by the village to recover damages caused to an automobile owned by the village, which was being driven by the marshal of the village while responding to an emergency call; and *Broughton* v. *City of Cleveland,* 167 Ohio St., 29, 146 N. E. (2d), 301, which was an action against the city for damages caused by the alleged negligence of an employee of the city while loading a garbage truck on private property. Section 701.02, Revised Code, was not involved in any of the cases above cited except the *Broughton case* where the Supreme Court adhered to the municipal-immunity rule where an injury occurred during the performance of a governmental function. The plaintiff in his reply admits that the fire truck was proceeding toward a place where a fire was in progress, or was believed to be in progress. See *Staudenheimer* v. *City of Newark,* 62 Ohio App., 255, 257, 23 N. E. (2d), 845. A similar ruling was made in *Lawson* v. *City of Campbell,* 71 Ohio Law Abs., 70, 129 N. E. (2d), 529. Under the provisions of Section 701.02, Revised Code, the fact that the driver of the fire truck was engaged in the performance of a governmental function while proceeding toward a place where a fire was in progress or was believed to be in progress is a full defense to the action.

Plaintiff contends that Section 701.02, Revised Code, and Section 4511.03, Revised Code, are inconsistent, irreconcilable and contradictory. The Supreme Court has answered this charge in *McDermott* v. *Irwin,* 148 Ohio St., 67, 73 N. E. (2d), 86. In that case the plaintiff received injuries when the automobile in which she was riding collided at a street intersection with an ambulance owned and operated by the city of Youngstown. Plaintiff claimed the ambulance failed to sound a siren,

whistle or bell, and entered the intersection against a red light and on the wrong side of the highway. Defendant was driving the ambulance, and was on the way to the city hospital with three persons who had received injuries in an accident. The facts alleged in that case bear a striking similarity to the facts alleged in the case at bar. The two sections under consideration in the case at bar were construed by the court in the *McDermott case*. The court in its opinion on page 68 says:

"* * * The controlling question is whether Section 3714-1, General Code, has been repealed by the enactment of the Uniform Traffic Act. (Section 6307-1 *et seq.*, General Code.) While appellant challenges the constitutionality of Section 3714-1, General Code, we are of the opinion that no debatable constitutional question is presented."

On pages 69 and 70 the court said:

"Appellant has been unable to point out any specific repeal of Section 3714-1, General Code, or any section of the traffic act which is irreconcilable with Section 3714-1, General Code. Repeals by implication are not favored. The later enactment of a general provision does not *ipso facto* repeal an earlier enactment limited to a specific subject."

"* * *

"Under Section 3714-1, General Code, it is a full defense to an action against a policeman for negligence while engaged in the operation of a motor vehicle that he was at the time of his alleged negligence responding to an emergency call. We are unable to find anything in the Uniform Traffic Act inconsistent with, irreconcilable with, repugnant to or contradictory of such last mentioned provision for the defense of a police officer when sued for the result of such negligence."

We are constrained to apply the rule of law announced by the Supreme Court in the *McDermott case*. Any relaxation of this rule lies in the field of legislative action and not with the judiciary.

The motion to dismiss is hereby overruled, and the judgment is affirmed.

*Judgment affirmed.*

CRAWFORD and KERNS, JJ., concur.