Turner, J.
 

 The controlling question is whether Section 3714-1, General Code, has been repealed by the enactment of the Uniform Traffic Act. (Section 6307-1
 
 et seq.,
 
 General Code.) While appellant challenges the constitutionality of Section 3714-1, General Code, we are of the opinion that no debatable constitutional question is presented.
 

 Section 3714-1, General Code, provides as follows :
 

 '“Every municipal corporation shall be liable in damages for injury or loss to persons or property and for death by wrongful act caused by the negligence of its officers, agents, or servants while engaged in the operation of any vehicles upon the public highways of this state-under the same rules and subject to the same limitations as apply to «private corporations for profit but only when such officer, agent or servant is engaged upon the business of the municipal corporation.
 

 “Provided, however, that the defense that the officer, agent, or servant of the municipality was engaged in
 
 *69
 
 performing a governmental function, shall be a full defense as to the negligence of members of the police department engaged in police duties, and as to the negligence of members of the fire department while engaged in duty at a fire or while proceeding toward a place where a fire is in progress or is believed to be in progress or in answering any other emergency alarm. And provided, further, that a fireman shall not be personally liable for damages for injury or loss to persons or property and for death caused while engaged in the operation of a motor vehicle in the performance of a governmental function and provided further that a policeman shall not be personally liable for damages for injury or loss' to persons or property and for death eaused while engaged in the operation of a motor vehicle while- responding to an emergency call. ’ ’
 

 Appellant has been unable to point out any specific repeal of Section 3714-1, General Code, or any section of the traffic act which is irreconcilable with Section' 3714-1, General Code. Repeals by implication are not favored. The later enactment of a general’ provision -does not
 
 ipso facto
 
 repeal an earlier enactment limited to a specific subject.
 

 As stated by Judge Matthias in
 
 Leach
 
 v.
 
 Collins,
 
 123 Ohio St., 530, 533, 176 N. E., 77, “It is well settled that such specific statutory provisions are to he regarded as exceptions to general statutory provisions, and that the rule that repeals by implication are not favored has -additional force under such circumstances.” See, also,
 
 Kinsey et al., Bd. of Park Commrs.,
 
 v.
 
 Bower, Aud.,
 
 147 Ohio St., 66, 72, 68 N. E. (2d), 317;
 
 State, ex rel. Draper,
 
 v.
 
 Wilder, Recorder,
 
 145 Ohio St., 447, 451, 62 N. E. (2d), 156.
 

 Under Section .3714-1, General Code, it is a full defense to an action against a policeman for negligence while engaged in the operation of a motor vehicle that he was at the time of his alleged negligence re
 
 *70
 
 sponding to an emergency call. We are unable to find' anything in the Uniform Traffic Act inconsistent with,, irreconcilable with, repugnant to or contradictory of such last mentioned provision for the defense of & police officer when sued for the result of such negligence.
 

 Whether a policeman may be guilty of a misdemean- or or felony for the violation of the traffic act is not before us.
 

 Appellant urges that the interrogatory to the jury was improperly submitted. We are of the opinion that - the trial court did not commit any prejudicial error-in the. submission of this interrogatory. See
 
 Elio
 
 v.
 
 Akron Transportation Co.,
 
 147 Ohio St., 363.
 

 Being of the opinion that the Court of Appeals, committed no. prejudicial error in affirming the judgment of the trial court, the judgment of the Court of' Appeals should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman,. Sohngen and Stewart, JJ., concur.