FISH, APPELLANT, *v.* COFFEY ET AL., APPELLEES.

(No. CA 9493—Decided June 6, 1986.)

*Cowden, Pfarrer, Crew & Backer, Charles D. Lowe* and *Robert J. Davidek,* for appellant.

*Jenks &  Meyers Co., L.P.A., Robert J. Surdyk* and *Christopher F. Johnson,* for appellees.

KERNS, J. On November 16, 1983, at approximately 1:00 a.m., the defendant, Officer David Coffey, while responding to a silent burglar alarm at a branch of the First National Bank of Centerville, was proceeding in an easterly direction on East Franklin Street. As he entered the intersection of East Franklin Street against a red traffic signal, his police cruiser struck a vehicle being operated by George A. Fish. As a result of the accident, George A. Fish was killed and, subsequently, the plaintiff, J. R. Fish, commenced this wrongful death action.

The defendants, city of Centerville and Officer David Coffey, moved for a summary judgment claiming that the response to the silent drop alarm was an "emergency call," and that they

were immune from civil liability under the provisions of R.C. 701.02. The motion was accompanied by affidavits which alleged that the cruiser had warning lights engaged as it responded to the burglar alarm; the plaintiff did not respond with any documentary evidence.

Subsequently, the motion for summary judgment was sustained by the common pleas court, and the judgment was later appealed to this court, but still later, upon motion of the plaintiff-appellant, the cause was remanded to the trial court for consideration of a Civ. R. 60(B) motion. The motion to vacate, as well as an accompanying motion for leave to file an amended complaint, stemmed from the decision of the Supreme Court of Ohio in *Adams* v. *Peoples* (1985), 18 Ohio St. 3d 140, 18 OBR 200, 480 N.E. 2d 428, where the court noted that R.C. 701.02 would not defeat a claim based upon the willful and wanton misconduct of the responding officer. However, both motions were overruled, and the cause is now properly before this court for consideration.

The appellant has submitted three assignments of error, the first of which has been stated as follows:

"The trial court erred in granting defendants' motion for summary judgment since a material question of fact exists as to whether defendant, Coffey, was responding to an 'emergency call.'"

In support of the alleged error, the appellant contends that a factual determination was indispensable to the conclusion that an emergency situation existed at the time of the accident, but the record fails to show that any evidence was produced to contradict the affidavits submitted by the defendants to show that Officer Coffey was responding to a burglar alarm under circumstances mandating prompt action. Moreover, the courts of this state, under similar circumstances, have recognized that it is the urgent call to duty rather than the acutal degree of danger that triggers the immunity afforded by R.C. 701.02. *Agnew* v. *Porter* (1970), 23 Ohio St. 2d 18, 52 O.O. 2d 79, 260 N.E. 2d 830; *Spencer* v. *Heise* (1958), 107 Ohio App. 505, 80 Ohio Law Abs. 272, 9 O.O. 2d 48, 158 N.E. 2d 570. As specifically observed in the *Agnew* case, "'[a]n officer must be able to respond to the calls of others that help is needed immediately without the need to initiate a cross-examination calculated to elicit the operative facts upon which a judgment of urgency is based.'" *Id.* at 25, 52 O.O. 2d at 83, 260 N.E. 2d at 834.

In a comparatively recent case, this court has further stated that "where it is undisputed that a priority one call was issued for a current burglary, the existence of an emergency condition is established." *Sichman* v. *Kennaley* (Dec. 18, 1985), Montgomery App. No. 9450, unreported, at 8. Thus, in the absence of any dispute as to the underlying facts of this case, the common pleas court cannot be faulted for holding as a matter of law that Officer Coffey was on an "emergency call," and that the defendants were entitled to summary judgment because of the immunity provided in R.C. 701.02. The first assignment of error is overruled.

The second assignment of error has been set forth by the appellant as follows:

"The trial court erred in failing to find that Section 701.02, Ohio Revised Code, is an arbitrary exercise of police power."

The appellant contends that the applicable statute arbitrarily draws a distinction without a rational basis between the liability flowing from the negligence of police officers responding to emergency calls and the negligence of other motorists, but it must be remembered that an enactment of the General Assembly under

the police power must be upheld if it bears a rational relationship to the health, safety, morals, or general welfare of the public, and is not clearly arbitrary or unreasonable. See *Canton* v. *Whitman* (1975), 44 Ohio St. 2d 62, 73 O.O. 2d 285, 337 N.E. 2d 766; *Ohio Edison Co.* v. *Power Siting Comm.* (1978), 56 Ohio St. 2d 212, 10 O.O. 3d 371, 383 N.E. 2d 588. Hence, the specific question posed for determination is whether the obvious benefits to society from promoting prompt action in emergency situations provides sufficient justification for the immunization of police officers from liability and, in this regard, the Supreme Court of Ohio has either expressly or impliedly found previously that the statute is free of any constitutional infirmities. *McDermott* v. *Irwin* (1947), 148 Ohio St. 67, 35 O.O. 41, 73 N.E. 2d 86; *Agnew* v. *Porter, supra.* See, also, *Reynolds* v. *Pigman* (Jan. 7, 1985), Montgomery App. No. 8899, unreported.

The appellant further argues that the abrogation of common-law sovereign immunity in *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26, 2 OBR 572, 442 N.E. 2d 749, had the effect of invalidating R.C. 701.02, but the *Haverlack* decision, at 30, 2 OBR at 575, 442 N.E. 2d at 752, specifically excludes statutory grants of immunity. See *King* v. *Williams* (1983), 5 Ohio St. 3d 137, 5 OBR 269, 449 N.E. 2d 452.

Understandably, the appellant in this case would look askance at a statute which permits the sacrifice of human life to protect bank property, and increasing traffic counts would seem to bring into serious question whether all risk attending "emergency calls" should be borne by innocent victims, but such observations were brushed aside in the *Agnew* case as follows:

" 'If it is unwise or unfair to load the economic burden of the damage done by this policy upon the innocent users of the highway, the governmental power to change the policy remains in the hands of the Legislature where the immunity was created.' " 23 Ohio St. 2d at 26, 52 O.O. 2d at 83, 260 N.E. 2d at 835.

Furthermore, the General Assembly retained the concept of emergency immunity in the newly enacted R.C. 2744.02 and 2744.03 after the recent repeal of R.C. 701.02 (effective November 20, 1985), thus evidencing a continuing legislative belief in the validity and importance of the policy served by immunity statutes. Accordingly, the alleged error must be overruled.

The third and final assignment of error has been presented as follows:

"The court erred in not permitting plaintiff to amend his complaint."

According to the record, the motion for leave to file an amended pleading after the granting of the summary judgment was apparently prompted by the decision of the Supreme Court of Ohio in *Adams* v. *Peoples, supra,* but the proffered amended complaint contained no new allegations of any underlying operative facts which might establish willful or wanton conduct. Nor was the motion supported by any evidentiary material which might serve to circumvent the defense provided by R.C. 701.02.

Under such circumstances, the ruling of the trial court upon the motion for leave, as filed in conjunction with the Civ. R. 60(B) motion, did not constitute an "abuse of discretion" as that term is defined in law. To prevail on a motion to vacate, there must be some evidence of operative facts which might justify the relief sought (*Hornyak* v. *Brooks* [1984], 16 Ohio App. 3d 105, 16 OBR 111, 474 N.E. 2d 676), and with respect to a motion to amend, there should be at least a prima facie showing that the movant can support the allegations of the proffered pleading (*Solowitch* v. *Bennett* [1982], 8 Ohio

App. 3d 115, 8 OBR 169, 456 N.E. 2d 562).

Ordinarily, leave to amend pleadings is freely granted, but in this case, nothing appears to show any newly discovered facts or any change of circumstances. Indeed, if any basis for willful or wanton misconduct did, in fact, exist, it was present from the beginning and could have been alleged in the initial complaint. Furthermore, whereas *Adams* v. *Peoples, supra,* may have provided the appellant with an alternative theory of recovery, the case does not reflect a change in the law, as R.C. 701.02 has never immunized municipalities from anything other than the "negligence" of employees responding to emergency calls. See *Dotson* v. *Edwards* (Mar. 24, 1983), Montgomery App. No. 7815, unreported. Hence, this court is disinclined to interfere with the discretionary determination made by the trial court in this matter. See *Turner* v. *Greenline Equip., Inc.* (Feb. 15, 1980), Montgomery App. No. 6493, unreported. The third assignment of error is overruled.

Finding none of the alleged errors to be well-made, the judgment of the common pleas court will be affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WILSON, J., concur.