MOORE et al., Appellants,

v.

CITY OF COLUMBUS et al., Appellees.

[Cite as *Moore v. Columbus* (1994), 98 Ohio App.3d 701.]

Court of Appeals of Ohio,
Franklin County.

No. 94APE01–130.

Decided Nov. 3, 1994.

702

*Scott E. Smith Co., L.P.A., Scott E. Smith* and *Bradley P. Koffel,* for appellants.

*Ronald J. O'Brien,* City Attorney, and *Glenn B. Redick,* Assistant City Attorney, for appellees.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Freda Moore and Kenneth Boston, appellants, from the January 13, 1994 judgment entry of the Franklin County Court of Common Pleas which overruled appellants' motion for summary judgment and granted the motion of appellees, city of Columbus and Columbus Police Department. Appellants set forth the following assignments of error on appeal:

"I. The trial court erred as a matter of law when it granted summary judgment for the city where genuine issues of material fact existed concerning the city's immunity from liability pursuant to R.C. § 2744.02(B)(1)(A).

"II. The trial court erred when it failed to consider the substantial evidence regarding whether Officer Elder's conduct constituted willful and/or wanton misconduct under the totality of the circumstances.

"III. The trial court erred when it concluded that it is not mandatory that the emergency lights and siren of emergency vehicles be activated when such vehicles are responding to an 'emergency call.'

"IV. The trial court erred when it failed to grant appellants' motion for summary judgment on the issue of negligent training and supervision."

On February 19, 1988, appellants were involved in a collision with Columbus Police Officer Jeffrey Elder at the intersection of McDowell and Rich Streets while Officer Elder was on duty and driving a police cruiser. Appellants were in an automobile proceeding south on McDowell, approaching the intersection with Rich Street. Officer Elder was travelling east on Rich Street from Gift Street. It was approximately 11:15 p.m., the weather was misty, and the streets were damp.

Shortly before the collision, Officer John Myers, patrolling in his cruiser, was dispatched to Central High School to investigate a burglary in progress. Officer

Myers proceeded east on Rich Street toward Central High School. As he approached the intersection at McDowell, he noticed that the traffic light was not functioning. Officer Myers reported the malfunction by way of the service channel on his police radio.

Officer Elder, also on routine patrol, received a dispatch to report to the scene of the burglary in progress at Central High School. He turned east on Rich Street from Gift Street. Officer Elder's cruiser collided with the vehicle in which appellants were passengers at the intersection of Rich and McDowell Streets. At the time of the collision, Officer Elder was travelling at approximately forty m.p.h., which was five miles over the posted speed limit, and was not operating his cruiser's emergency flasher lights or sirens. When Officer Elder saw appellants' vehicle, he immediately applied his brakes and swerved in an effort to avoid the accident. At the time, Officer Elder considered himself to be on an emergency call.

The matter came on for trial on February 3, 1992, at which time appellants dismissed Officer Elder. A default judgment was taken against the driver of the vehicle in which appellants were passengers. The matter proceeded to trial, and the trial court ordered a directed verdict in favor of appellants. The trial court held that the city of Columbus, through the actions of Officer Elder, was negligent, and the only issues submitted to the jury were the nature and the extent of appellants' injuries. The jury returned a verdict in favor of appellant Moore in the amount of $100,000 and appellant Boston in the amount of $9,000.

The city of Columbus appealed from that decision and this court reversed the trial court in *Moore v. Columbus* (Feb. 25, 1993), Franklin App. No. 92AP–1009, unreported, 1993 WL 51130. In that case, this court reversed and remanded the matter for a new trial because the trial court applied R.C. 4511.132, which was not in effect at the time this accident occurred. Inasmuch as the trial court relied almost exclusively upon this statute in rendering its verdict in favor of appellants, this court remanded the matter for a new trial.

Thereafter, appellants and appellees filed motions for summary judgment. The trial court concluded that Officer Elder was on an emergency call at the time of the collision. Furthermore, the trial court concluded that, in the original judgment entry of the trial court, the court concluded that there was a complete lack of evidence of willful and wanton misconduct on the part of Officer Elder while operating his police cruiser when the collision with appellants' vehicle had occurred. Therefore, the trial court held that the city of Columbus was immune by virtue of R.C. Chapter 2744. Furthermore, the court concluded that in the original trial, the trial court granted a directed verdict in appellees' favor on the issue of negligent training and supervision of the Columbus police officers. Therefore, the trial court granted the summary judgment motion of appellees and

overruled the summary judgment motion of appellants. It is from this entry that appellants bring this appeal.

Summary judgment, Civ.R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving all doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615.

Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is made.

The moving party has the burden of showing that there is no genuine issue as to any material fact as to the critical issues. The opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56(C) to show a genuine issue for trial. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

R.C. 2744.02(A)(1) states that all political subdivisions in Ohio are provided immunity from civil liability "for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(B)(1) provides an exception to that immunity "for injury, death, or loss to persons or property caused by the negligent operation of any motor vehicle by their employees upon the public roads, highways, or streets when the employees are engaged within the scope of their employment and authority." R.C. 2744.02(B)(1)(a) provides an exception to the exception when the driver is a police officer operating a motor vehicle "while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct."

"Emergency call" is defined in R.C. 2744.01(A) as meaning "a call to duty including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer."

In the first assignment of error, appellants contend that the trial court erred in granting summary judgment in favor of the city of Columbus because a genuine issue of fact remains as to whether or not Officer Elder was responding

to an "emergency call" as contemplated by R.C. 2744.01(A). The thrust of appellants' argument is their focus on the language "inherently dangerous situations" as found in the definition of "emergency call" in R.C. 2744.01(A). Inasmuch as Central High School was a vacant building, and there was no threat to human life, appellants contend that an "inherently dangerous situation" did not exist and, therefore, Officer Elder was not responding to an "emergency call."

■ Appellants are asking this court to define "emergency call" in such a way as to restrict it solely to "inherently dangerous situations," and to further define it as a situation where human life is threatened. However, appellants' interpretation of the statute serves to restrict the rather open-ended definition of "emergency call" as provided by the legislature. By focusing on the language "inherently dangerous situations" appellants have completely failed to comprehend that R.C. 2744.01(A) defines "emergency call" as "a call to duty *including, but not limited to* * * * police dispatches * * * of inherently dangerous situations that demand an immediate response on the part of a peace officer." As such, R.C. 2744.01(A) provides but one definition of an "emergency call" and that definition is the most obvious definition of what would constitute an "emergency call." There is no requirement in the statute which would limit an "emergency call" only to those occasions where there is an inherently dangerous situation or when human life is at danger.

Certainly we can all agree that certain situations clearly constitute an "emergency call." See, for example, *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 573 N.E.2d 1063 (officer pursued reckless driver on a public roadway); *Rodgers v. DeRue* (1991), 75 Ohio App.3d 200, 598 N.E.2d 1312 (police officer personally observed another car dangerously speeding down the center of a public road); *Lewis v. Bland* (1991), 75 Ohio App.3d 453, 599 N.E.2d 814 (police officer pursued a fleeing suspect who was engaged in reckless operation of a vehicle on a public road); *Douglas v. Green* (Dec. 17, 1992), Cuyahoga App. No. 63507, unreported, 1992 WL 388864 (police officer responded to a radio dispatch of another officer in distress); *Herd v. Shaker Hts.* (May 17, 1990), Cuyahoga App. No. 57001, unreported, 1990 WL 66443 (officer responding to an aggravated robbery in progress at a Pizza Hut); *Gould v. Britton* (Jan. 30, 1992), Cuyahoga App. No. 59791, unreported, 1992 WL 14925 (police officer responding to the location where a shooting suspect had been seen). These are obvious emergency situations. However, they are not the only possible situations, and the legislature has kept the definition of "emergency call" relatively open and has not restricted it as appellants would have this court do at this time.

In *Spencer v. Heise* (1958), 107 Ohio App. 505, 9 O.O.2d 48, 158 N.E.2d 570, this court was called upon to determine whether a police officer was responding to an "emergency call" under R.C. 701.02 so as to render the officer not personally

liable for damages or injury or loss to persons or property caused while operating his motor vehicle in response to such an order. In that case, this court determined that the police officer was on an "emergency call" when he was directed by his superior to proceed to the Scioto River to begin an immediate investigation with regard to the discovery of a corpse along the banks of the river. Obviously, there was nothing inherently dangerous involved and, inasmuch as the person was dead, there was no threat to human life. This court stated as follows:

" * * * It is undisputed that the superior officer of Heise directed him to proceed to the scene to begin an immediate investigation of what might be either a death from natural causes, a suicide or perhaps even a murder. It is clear and obvious, we believe, that such a call is the greatest form of an emergency. We do not follow or agree with the logic that if life had fully departed from the body at the time the report was made the officer hurrying to the scene was not on any emergency call. Prompt and efficient investigation of crime and possible crime is the strongest known deterrent to the commission of other offenses and is in the clear public interest." *Id.* at 507, 9 O.O.2d at 49, 158 N.E.2d at 571–572.

Further, in *Ladina v. Medina* (Jan. 31, 1990), Medina App. No. 1825, unreported, 1990 WL 7993, the Medina County Court of Appeals concluded that an officer responding to provide backup to a burglary in progress was on an "emergency call." In that case, the officer did have his lights flashing and slowed down at the intersection where, in any event, an accident occurred. The issue in that case centered solely on whether there was willful and wanton conduct on the part of the officer. Therefore, there is precedent for finding that a police officer responding to the call of a burglary in progress is indeed on an "emergency call."

Officers Elder and John Myers both testified that they considered themselves to be on an "emergency call" when they responded to the dispatch from the police station. Appellants refuted the claim that the officers were on an "emergency call," claiming that this was not an "inherently dangerous situation" where human life was at risk. Inasmuch as that is not the standard by which an "emergency call" is to be judged, according to the legislature, appellants did not put forth sufficient evidence to rebut the evidence presented by the city; therefore, the trial court correctly determined this issue in favor of the city and granted summary judgment.

Appellants' first assignment of error is not well taken and is overruled.

In the second assignment of error, appellants argue that the trial court erred in failing to consider the substantial evidence regarding whether Officer Elder's conduct constituted willful and/or wanton misconduct in the present case. As an initial matter, this court notes that, in the original trial, the trial court

determined that there was no willful and wanton misconduct on the part of Officer Elder. Therefore, that is the law of the case and, inasmuch as appellants failed to appeal that issue, they are prevented from raising it as an issue in this appeal. However, this court finds that, based upon the evidence submitted, the trial court did not err in failing to find willful and wanton misconduct on the part of Officer Elder.

The term "willful and wanton misconduct" connotes behavior demonstrating a deliberate or reckless disregard for the safety of others. In the present case, Officer Elder, responding on an emergency call, proceeded east on Rich Street. Officer Elder was travelling forty m.p.h., which is five miles over the posted speed limit. Officer Elder had travelled approximately two blocks before the accident with the vehicle in which appellants were riding occurred. During that time, Officer Elder did not notice any traffic on the side streets. Officer Elder testified that had he noticed traffic on the side streets, he would have activated his lights and siren. Upon seeing the vehicle enter the intersection, Officer Elder immediately applied his brakes and swerved in an attempt to miss the vehicle. This behavior simply does not constitute a deliberate or reckless disregard for the safety of others.

Appellants' second assignment of error is not well taken and is overruled.

In their third assignment of error, appellants argue that the trial court erred when it concluded that it is not mandatory for emergency lights and sirens to be activated when emergency vehicles are responding to an "emergency call." As with appellants' arguments in the first assignment of error, appellants again are misconstruing the applicable statute.

R.C. 4513.21 provides, in pertinent part, as follows:

" * * * Every emergency vehicle shall be equipped with a siren, whistle, or bell, capable of emitting sound audible under normal conditions from a distance of not less than five hundred feet and of a type approved by the director of public safety. Such equipment shall not be used except when such vehicle is operated in response to an emergency call or is in the immediate pursuit of an actual or suspected violator of the law, in which case the driver of the emergency vehicle shall sound such equipment when it is necessary to warn pedestrians and other drivers of the approach thereof."

This statute provides that every emergency vehicle shall be equipped with a siren and provides that the siren shall not be used except when the vehicle is operated in response to an emergency call.

Appellants would have this court read this statute as follows:

"Such equipment **SHALL** * * * be used * * * when such vehicle is operated in response to an **EMERGENCY CALL** * * *."

The statute provides that an emergency vehicle is not permitted to activate its siren except when it is on an emergency call or in the immediate pursuit of an actual or suspected violator of the law. Appellants also cite *Horton v. Dayton* (1988), 53 Ohio App.3d 68, 558 N.E.2d 79, for the proposition that the failure of Officer Elder to utilize his lights and sirens is indicative of the fact that he actually was not on an "emergency call."

In *Horton,* the court found that the question of whether the police officer was responding to an "emergency call" was a genuine issue of material fact which should be decided by the jury. The court reached this decision for two reasons. First, and most important, the court found that there was an absence of any reference to the dispatch on the officer's radio card for the day in question, which would support an inference that the police officer was not responding to this emergency call at the time of the collision. Second, the court noted that the fact that the police officer had not turned on his siren and overhead lights could further support an inference that the police officer was not responding to an emergency call at the time of the collision.

However, the court specifically stated as follows regarding the use of emergency sirens and lights:

"There is nothing in the statutory definition of 'emergency call' to include the requirement that the police officer operate his siren and overhead lights in order to be on an emergency call for purposes of the statutory immunity provided by R.C. 2744.02. This court, while critical of the result, has determined that even under the law preceding the adoption of R.C. Chapter 2744, a police officer need not be operating his siren or overhead lights in order to be deemed to be responding to an emergency call for purposes of invoking immunity from civil liability. *Sichman v. Kennaley* (Dec. 18, 1985), Montgomery App. No. 9450, unreported [1985 WL 4778]. There is nothing in the definition of 'emergency call' contained in R.C. 2744.01 to indicate that the General Assembly intended to incorporate within the definition of an 'emergency call' for purposes of statutory immunity a requirement that the police officer operate his siren and overhead lights, however desirable that might be as a policy matter." *Id.,* 53 Ohio App.3d at 71, 558 N.E.2d at 83.

R.C. 2744.02 simply does not require that the police officers operate their sirens or overhead lights in order to be deemed to be responding to an "emergency call," for purposes of invoking immunity from civil liability.

Appellants' third assignment of error is not well taken and is overruled.

In their fourth assignment of error, appellants argue that the trial court erred when it failed to grant their motion for summary judgment on the issue of negligent training and supervision. As part of their argument, appellants argue that the undisputed testimony from Officers Myers and Elder indicates that Columbus police officers are trained and directed not to use their emergency flasher lights and sirens during what they deem to be an "emergency call," in knowing violation of a specific safety statute requiring their use. In the third assignment of error, this court concluded that there is no requirement that an emergency vehicle utilize its flasher lights and sirens when responding to an "emergency call." Furthermore, appellants point to that portion of R.C. 4513.21 that requires that drivers of emergency vehicles shall sound their sirens when it is necessary to warn pedestrians and other drivers of their approach.

There is no evidence in the record that the Columbus Police Department trains its police officers not to use their lights and sirens when it is necessary to warn pedestrians and other drivers of their approach. Instead, the evidence shows that the police officers tend not to use their emergency lights and sirens in response to burglaries because to do so would alert the criminals to their presence. Neither one of the police officers testified that he would not use his lights and flashers if it was necessary to warn pedestrians and other drivers that he was on an "emergency call." Instead, Officer Elders specifically testified that there was no cross traffic when he initially responded to the dispatch. He further testified that, if there had been cross traffic, he would have activated his lights or siren in order to warn the public. Appellants did not present evidence that would demonstrate that the city of Columbus is negligent in its training and supervision of its police officers.

Appellants' fourth assignment of error is not well taken and is overruled.

Based on the foregoing, appellants' first, second, third and fourth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed. Costs will be assessed to appellants.

*Judgment affirmed.*

CLOSE and HARSHA, JJ., concur.

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting by assignment.