OPINION
Plaintiffs-appellants, Renee and Bennay L. Butler, appeal the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, the city of Columbus and Columbus Police Officer Samuel S. Peck.
Appellants and Officer Peck were involved in an automobile accident on January 30, 1997. At the time of the accident, Officer Peck was responding to an officer in trouble call. Appellants proceeded to file suit against appellees seeking damages for claimed injuries arising out of the accident. The suit included a negligence claim. Subsequently, appellees sought summary judgment claiming, in part, that they are immune from liability pursuant to R.C. Chapter 2744. Appellants did not respond to the motion and, as noted above, the trial court entered summary judgment in favor of appellees.
Appellants appeal, raising three assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED THE APPELLEES' MOTION FOR SUMMARY JUDGMENT AND RULED THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT ON WHETHER THE APPELLEE WAS RESPONDING TO AN EMERGENCY CALL OR A CALL TO DUTY.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED THE APPELLEES' MOTION FOR SUMMARY JUDGMENT AND RULED THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT ON WHETHER THE APPELLEE COMMITTED WILLFUL, WANTON, AND RECKLESS MISCONDUCT.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED THE APPELLEES' MOTION FOR SUMMARY JUDGMENT AND PREVENTED A JURY FROM DECIDING WHETHER APPELLEES' CONDUCT WAS WILLFUL, WANTON, AND RECKLESS.
Because appellants' three assignments of error concern similar issues, we will address them together. The assignments of error concern the trial court's decision to grant summary judgment in favor of appellees after concluding that they are immune from tort liability under R.C. Chapter 2744.
We review a trial court's grant of summary judgment independently and without deference to the trial court's determination. Sadinsky v. EBCO Mfg. Co. (1999), 134 Ohio App.3d 54, 58. Under Civ.R. 56(C), summary judgment may be granted if:
 * * * (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. * * * [State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511
(citing Temple v. Wean United, Inc. [1977], 50 Ohio St.2d 317, 327).]
Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, the Ohio Supreme Court held that the moving party bears the initial burden of informing the trial court of the basis for the motion, and establishing that no genuine issue of material fact remains to be litigated. If the moving party has satisfied this initial burden, the non-moving party has a reciprocal burden to set forth specific facts demonstrating a genuine issue for trial. Id. The Ohio Supreme Court explained that the non-moving party must respond with affidavits or similar evidentiary materials demonstrating the existence of a genuine issue of material fact. Id., citing Civ.R. 56(E). "[I]f the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id.
Here, appellants contend that genuine issues of material fact exist as to whether appellees are entitled to immunity from appellants' negligence action. We disagree.
The city of Columbus is immune from liability in this case if Officer Peck was operating his cruiser while "responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct." R.C. 2744.02(B)(1)(a). Officer Peck is provided immunity unless he responded to the officer in trouble call with malicious purpose, in bad faith, or in a wanton or reckless manner. R.C.2744.03(A)(6)(a) and (b).
Appellants contend that the trial court erred in granting summary judgment in favor of the city of Columbus because genuine issues of material fact remain as to whether Officer Peck was responding to an "emergency call" when his cruiser collided with appellants' vehicle. In support of their contention, appellants rely on Posner v. Dept. of Public Safety (Sept. 29, 2000), Franklin App. No. 99AP-594, unreported, where we previously indicated that "[t]he question as to whether a particular situation constitutes an emergency call is a question of fact." However, "[j]ust because a particular element of a claim or defense involves a question of fact does not automatically preclude the claim or defense from a determination under summary judgment." Wagner v. Heavlin (2000),136 Ohio App.3d 719, 727. A trial court may grant summary judgment when the moving party demonstrates that the case involves no genuine issues of fact for litigation and the nonmoving party failed to refute this demonstration. Id.
Appellants further assert that genuine issues of material fact on the "emergency call" issue are established through Officer Peck's answers to interrogatories and an "intra-divisional" memorandum detailing a sergeant's investigation of the accident. However, appellants failed to submit this information to the trial court before it granted appellees' summary judgment motion. Appellants argue that we may nonetheless consider the information because summary judgment motions are subject to de novo review. However, summary judgment may only be determined on evidence properly submitted to the trial court for its initial determination. See Reynoldsburg, at 360 (noting that Civ.R. 56 "mandates that the trial court make the initial determination whether to award summary judgment; the trial court's function cannot be replaced by an `independent' review of an appellate court"). Thus, we may not consider Exhibit "B" when reviewing appellees' summary judgment motion.
Evidence submitted in support of appellees' summary judgment motion establishes that Officer Peck was on "emergency call" at the time of the accident. An "emergency call" is defined in R.C. 2744.01(A) as "a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer." Officer Peck executed an affidavit indicating that, at the time of the crash, he was responding to an officer in trouble call. The officer stated that the particular call is considered an emergency requiring immediate response. This statement comports with our previous recognition that an officer in trouble call clearly constitutes an "emergency call." Moore v. Columbus (1994),98 Ohio App.3d 701, 706, citing Douglas v. Green (Dec. 17, 1992), Cuyahoga App. No. 63507, unreported. In addition, the urgent nature of the officer in trouble call in this case is established through Officer Peck's observations that the officer in distress was apprehending an automobile theft suspect who had been fleeing from the police.
Because appellees established that Officer Peck was responding to an "emergency call," appellants were required to submit evidence demonstrating genuine issues of material fact for trial on the "emergency call" issue. See Dresher, at 293. As noted above, appellants failed to refute appellees' evidence. Therefore, we conclude that Officer Peck's being on an "emergency call" is not an issue that remains to be litigated and that the trial court correctly determined the issue in favor of appellees.
Appellants further contend that the trial court erred in granting summary judgment in favor of appellees because genuine issues of material fact remain as to whether Officer Peck acted in a willful, wanton or reckless manner while responding to the emergency call. In support of their contention, appellants cite to Fabrey v. McDonald Police Dept. (1994), 70 Ohio St.3d 351, 356, where the Ohio Supreme Court noted that the issue of wanton misconduct is generally a question of fact for the jury. However, as we previously noted in this opinion, summary judgment is not automatically precluded on issues involving a question of fact. See Wagner, at 727.
As well, appellants assert that Exhibit "B" provides sufficient evidence of wanton, reckless or willful misconduct to provide a genuine issue of fact for the jury. However, as noted above, we may not consider Exhibit "B" in reviewing the trial court's decision to grant summary judgment in favor of appellees. See Reynoldsburg, at 360.
We have previously recognized that, for purposes of R.C. Chapter 2744, wanton, reckless and willful misconduct are functional equivalents of each other. Hunter v. Columbus (2000), 139 Ohio App.3d 962, 969. Wanton misconduct is characterized by "`the failure to exercise any care toward one to whom a duty of care is owed when the failure occurs under circumstances for which the probability of harm is great and when the probability of harm is known to the tortfeasor.'" Id. Willful misconduct is "`an intentional deviation from a clear duty or from a definite rule of conduct, a deliberate purpose not to discharge some duty necessary to safety, or purposely doing wrongful acts with knowledge or appreciation of the likelihood of resulting injury.'" Id., at 969-970. An individual acts recklessly when he or she "`does an act or intentionally fails to do an act which is in his [or her] duty to the other to do, knowing or having reason to know of facts which would lead a reasonable [person] to realize, not only that his [or her] conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his [or her] conduct negligent.'" Id., at 969.
Here, Officer Peck stated in his sworn affidavit that his cruiser lights and siren were activated during the "emergency call," and that he slowed to approximately fifteen miles per hour as he entered the intersection where the accident occurred. Officer Stalnaker was driving behind Officer Peck on the "emergency call" and confirmed Officer Peck's version of events leading up to the collision. Through this evidence, appellees have demonstrated that Officer Peck's conduct during the "emergency call" did not rise to the level of being willful, wanton or reckless. Cf. Weber v. Haley (May 1, 1998), Clark App. No. 97CA108, unreported (concluding that a firefighter did not act in a reckless, wanton or willful manner by responding to an emergency call with the fire truck's lights and siren activated and by entering an intersection at a slow rate of speed). Because appellants failed to refute this demonstration, we conclude that the issue of Officer Peck's conduct during the "emergency call" is not an issue to be litigated and that the trial court correctly determined the issue in favor of appellees.
Accordingly, the trial court did not err in granting summary judgment in favor of appellees upon concluding that they are entitled to immunity in this negligence action. Therefore, appellants' three assignments of error are overruled, and the judgment of the trial court is affirmed.
 ___________ KENNEDY, J.
PETREE and BOWMAN, JJ., concur.