OPINION
{¶ 1} Plaintiff-appellant, Vance VanDyke, appeals from a decision of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, the City of Columbus and Officer Michael Shannon of the Columbus Division of Police, in appellant's action seeking damages arising from an automobile collision involving a Columbus police cruiser.
 {¶ 2} Appellant brings the following three assignments of error: *Page 2 
 ASSIGNMENT OF ERROR NO. 1
 The trial court erred to the prejudice of Plaintiff-Appellant by granting summary judgment to the city of Columbus.
 ASSIGNMENT OF ERROR NO. 2
 The trial court erred to the prejudice of Plaintiff-Appellant by granting summary judgment to officer Shannon.
 ASSIGNMENT OF ERROR NO. 3
 The trial court erred to the prejudice of Plaintiff-Appellant by not considering the affidavit of Steven and Lillian Jones which was attached to plaintiff-appellant's memorandum contra.
 {¶ 3} With respect to appellant's first two assignments of error, we note this matter was decided in the trial court by summary judgment, which under Civ. R. 56(C) may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion.Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621,629, citing Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. Additionally, a moving party cannot discharge its burden under Civ. R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claims. Id.
 {¶ 4} An appellate court's review of summary judgment is de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Patsy Bard v. Society Nat. Bank, nka KeyBank (Sept. 10, 1998), Franklin App. No. 97APE11-1497. Thus, we conduct an independent review of the record and stand in the shoes of the trial court. Jones v. Shelly *Page 3 Co. (1995), 106 Ohio App.3d 440, 445. As such, we have the authority to overrule a trial court's judgment if the record does not support any of the grounds raised by the movant, even if the trial court failed to consider those grounds. Bard.
 {¶ 5} The trial court considered various materials submitted by the parties in support of and opposition to summary judgment in this case, but explicitly ruled that it would not consider the affidavit of Steven and Lillian Jones, which is the subject of appellant's third assignment of error.
 {¶ 6} Appellant was injured when he pulled from a side street onto West Broad Street in Columbus and his car was struck by a police cruiser driven by Officer Shannon who was eastbound in response to a call for assistance by a fellow officer, but proceeding without warning lights or siren. The urgency of the call for assistance and speed and reasonableness of Officer Shannon's driving in response to it are the principal areas in this case where appellant seeks to preserve a material issue of fact for trial.
 {¶ 7} Appellant's first assignment of error asserts that the trial court erred in finding that the city was entitled to immunity pursuant to R.C. 2744, governing immunity from tort claims for political subdivisions. R.C. 2744.02(A)(1) sets forth a general rule of tort claim immunity for political subdivisions, which is, however, subject to exceptions set forth in R.C. 2744.02(B). If any of the exceptions to immunity apply, R.C. 2744.03 further provides defenses against liability which may then be applicable. See, generally, Colbert v. Cleveland
(2003), 99 Ohio St.3d 215, at ¶ 7 through 9.
 {¶ 8} The applicable exception to immunity in this case is R.C. 2744.02(B)(1), which states that political subdivisions may be held liable for "injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their *Page 4 
employees when the employees are engaged within the scope of their employment and authority." That exception from immunity, however, does not apply when the employee in question is operating a motor vehicle in response to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct. R.C. 2744.02(B)(1)(a).
 {¶ 9} An emergency call means "a call to duty, included but not limited to communications from citizens, police dispatchers, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer." R.C. 2744.01(A). The Supreme Court of Ohio in Colbert
emphasized that the term "emergency call" is not limited to responses to an inherently dangerous situation. Colbert, syllabus: "As defined in R.C. 2744.01(A), `emergency call' involves a situation to which a response by a peace officer is required by the officer's professional obligation." The court in Colbert accordingly held that investigating officers were on an emergency call when they drove their patrol car to investigate a possible crime, even if the officers were proceeding without lights and sirens activated. Similarly, this court in Moore v.Columbus (1994), 98 Ohio App.3d 701, found that an officer responding to a burglary in progress in an empty building was nonetheless responding to an emergency call for purposes of R.C. 2744.02(B)(1), even if there was no immediate threat to persons due to the fact the burglarized building was vacant.
 {¶ 10} The evidence before the trial court in the present case was that at the time of the accident, Officer Shannon was on duty and responding to a radio request for assistance from another officer, who was pursuing a suspected felon on foot. Applicable Columbus police procedures required Officer Shannon to respond to this call for assistance without lights and sirens. The fact that the requesting officer did not *Page 5 
communicate that he or others were in immediate danger of harm does not, pursuant to Colbert and Moore, take Officer Shannon's response out of the description of an emergency call. We accordingly find that the trial court correctly concluded that Officer Shannon was on an emergency call and the city of Columbus is not liable unless Officer Shannon's operation of the police cruiser in response to the call amounted to willful or wanton misconduct.
 {¶ 11} This court has in this context defined willful misconduct to mean conduct involving "the intent, purpose, or design to injure."Robertson v. Dept. of Public Safety, Franklin App. No. 06AP-1064,2007-Ohio-5080, at ¶ 14, citing Gladon v. Greater Cleveland RegionalTransit Auth. (1996), 75 Ohio St.3d 312. As such, wanton misconduct is a degree of reprehensible or miscalculated action that rises well above negligence. Fabrey v. McDonald Village Police Dept. (1994),70 Ohio St.3d 351, 356; Brockman v. Bell (1992), 78 Ohio App.3d 508, 515. The city concedes that Officer Shannon was responding at a speed in excess of the speed limit at night without lights and sirens. Broad Street was described in this section as a well-lit six-lane roadway with sparse traffic at the hour. Officer Shannon was proceeding with the right-of-way, and appellant faced a stop sign and concommitment obligation to yield. Given the wide, broad, and well-lit roadway described in the record, flat approaches on either side of the intersection, and the fact that Officer Shannon was proceeding with headlights, appellant was not deprived of the opportunity to yield even if Officer Shannon was proceeding at a speed in excess of the posted limit and without lights or sirens. Accident reconstruction set a speed of between 47 to 50 miles per hour at the point of collision. The disputed affidavit that is the object of appellant's third assignment of error estimates a higher speed *Page 6 
of 60 to 70 miles per hour. Appellant's own deposition describes his view in all directions as unobstructed by traffic or other features. Given the state of the evidence before the trial court, we cannot say that the trial court erred in concluding that there remain no genuine issue of material fact on the question of whether Officer Shannon was proceeding in response to an emergency call, but was not proceeding in a manner arising to willful or wanton misconduct, and that the city was entitled to immunity pursuant to R.C. 2744 as a matter of law. Appellant's first assignment of error is accordingly overruled.
 {¶ 12} Appellant's second assignment of error asserts that the trial court erred in finding that Officer Shannon personally was entitled to immunity pursuant to R.C. 2744.03(A)(6). This section provides a presumption of immunity for employees of political subdivisions, again with certain exceptions. The relevant exception here is R.C. 2744.03(A)(6)(b), providing exception to immunity when "the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]"
 {¶ 13} Malicious purpose means the "willful and intentional design to do injury, or the intentional or desire to harm another, usually seriously, through * * * unlawful or unjustified" conduct. Cook v.Hubbard Exempted Village Bd. of Edn. (1996), 116 Ohio App.3d 564, 569. Bad faith denotes a "dishonest purpose, moral obliquity, conscious wrong doing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud." Jackson v. McDonald (2001),144 Ohio App.3d 301, 309. One acts recklessly "if he doesn't act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to *Page 7 
another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." Thompson v.McNeil (1990), 53 Ohio St.3d 102, 104-105.
 {¶ 14} Without reiterating the facts set forth above in response to appellant's first assignment of error, we find that Officer Shannon's conduct no more meets the requirements of the above exception to personal immunity than it did the exception to the city's immunity. We accordingly find that the trial court did not err in granting summary judgment to Officer Shannon on the basis that he is entitled to protection of qualified immunity set forth in R.C. 2744.03(A)(6). Appellant's second assignment of error is accordingly overruled.
 {¶ 15} Appellant's third assignment of error asserts that the trial court erred in explicitly declining to rely on an affidavit submitted in conjunction with appellant's memorandum opposing summary judgment. Civ. R. 56(E) governs the form of affidavits submitted in support of and opposition to summary judgment and provides that such affidavits shall be made on personal knowledge, set forth the facts admissible in evidence, and show affirmatively that the affiant is competent to testify on the matters therein. The affidavit in question is handwritten and presents the eyewitness observations of Steven and Lillian Jones, who were driving on Broad Street at the time of the accident and witnessed Officer Shannon pass them at a speed of 60 to 70 miles per hour and changing lanes to avoid other vehicles. Much of the balance of the affidavit expresses the personal opinion of the affiants as to the reasonableness of Officer Shannon's conduct and his liability for the accident, conclusory statements which are not in the realm of a factual affidavit. Disregarding those statements which the affiants were not competent to make on personal knowledge, they were indisputably competent to *Page 8 
express their opinion that Officer Shannon was traveling at a speed of 60 to 70 miles per hour, rather than the 47 to 50 miles per hour estimated by the accident reconstruction work performed by authorities. Accepting, arguendo, that the affidavit is in due form and properly admissible in all other respects, we find that even if the trial court erred in excluding it in its entirety, the only factual matters therein which the affiants presented from personal knowledge would not alter the state of the evidence supporting a grant of summary judgment in favor of the appellees. As stated above in our discussion of appellant's first assignment of error, given the overall circumstances of the accident, Officer Shannon's speed, even if taken at 60 to 70 miles per hour, was not sufficient to create willful or wanton misconduct, malicious purpose, bad faith, or recklessness on his part and invoke application of any of the exceptions to immunity for either the city or Officer Shannon personally. Appellant's third assignment of error is accordingly overruled.
 {¶ 16} In accordance with the foregoing, appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas granting summary judgment to appellants is affirmed.
Judgment affirmed.
 SADLER and T. BRYANT, JJ., concur. T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1