**ETTER**

v.

**OHIO STATE HIGHWAY PATROL.**

Court of Claims of Ohio.

No. 93–06942.

Decided April 15, 1996.

*Jose M. Lopez* and *Katherine Kemp Severt,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Larry Y. Chan,* Assistant Attorney General, for defendant.

J. WARREN BETTIS, Judge.

In his complaint, plaintiff, Nathan W. Etter, alleges that defendant, Ohio State Highway Patrol, through the actions of its agent, Trooper Richard Whitehead, was negligent when he asked plaintiff to help him push an automobile out of the highway median. Plaintiff alleges that while he was assisting defendant's agent, he was struck by an automobile and suffered severe injuries.

On December 11, 1995, a trial was conducted in this court on the sole issue of liability. The court has duly considered the evidence and arguments of counsel and renders the following as its decision.

On January 10, 1993, at around 5:30 p.m., plaintiff drove his automobile north on I–75 in Concord Township in Miami County, Ohio. After crossing an icy bridge, plaintiff slid off the road and onto a large grassy median. Trooper Whitehead, traveling south on I–75, arrived at the scene shortly thereafter. Trooper Whitehead checked to see if plaintiff was injured and invited him to return to the trooper's cruiser. Trooper Whitehead radioed for a tow truck. After a few minutes, Trooper Whitehead received a report of other accidents and told plaintiff to return to his vehicle and remain inside until a tow truck arrived.

After plaintiff returned to his car, he noticed that a red Mazda Miata had slid off the road and onto the median. Plaintiff exited his vehicle and proceeded to check on the occupants of the Miata, Susan Rowsell and Judy McNamara of Ontario, Canada.

Soon thereafter, Trooper Whitehead returned to the area to respond to another accident. He noticed plaintiff standing by the Miata talking to Rowsell and McNamara. The Miata did not appear to be stuck and plaintiff suggested that he push the Miata back onto the road.

Trooper Whitehead, plaintiff, and Rowsell gave conflicting testimony as to what occurred next. Trooper Whitehead testified that he observed plaintiff pushing the Miata in an attempt to move the car. Plaintiff and Rowsell testified that plaintiff never pushed the car before Trooper Whitehead arrived. Regardless of

either contention, Trooper Whitehead arrived at the scene and observed plaintiff speaking to Rowsell and McNamara about pushing the car out of the median.

Then, Trooper Whitehead asked plaintiff, "Do you think we can push it out?" Plaintiff did not reply, but instead went to the rear of the Miata. McNamara stepped out of the car and watched Trooper Whitehead and plaintiff push the car, while Rowsell remained behind the steering wheel. Trooper Whitehead pushed from the left rear of the car while plaintiff pushed from the right rear of the car. Plaintiff and Trooper Whitehead were unsuccessful in moving the car. After a second attempt at pushing the Miata, plaintiff looked up and was about to say something to Trooper Whitehead, when he noticed a car careening towards the Miata. Min–Chun Liang was heading north on I–75 in a Toyota Celica when it crossed over the icy bridge. The Celica slid out of control and Liang could not stop the car. The Celica hit the Miata from behind and threw plaintiff up in the air while Trooper Whitehead was hurled backwards seven feet. McNamara saw the car and was able to avoid injury. Plaintiff was injured and transported to the hospital.

■ Plaintiff claims that Trooper Whitehead gave him a direct order, pursuant to R.C. 2921.331, to help clear the Miata from the median. As a result of defendant's negligent instruction, plaintiff claims that he suffered severe injuries. In a claim predicated on negligence, the plaintiff bears the burden of proving by a preponderance of the evidence that defendant, through its agents and employees, owed a duty to him, that there was a breach of the duty, and that the breach was a direct and proximate cause of his/her injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467. In order for plaintiff to impose liability upon the state pursuant to R.C. 2743.02, the state must have breached a duty owed to plaintiff. *Baum v. Ohio State Hwy. Patrol* (1995), 72 Ohio St.3d 469, 650 N.E.2d 1347.

■ Plaintiff has failed to prove by a preponderance of the evidence that defendant breached a duty to him. Trooper Whitehead requested plaintiff's assistance by saying, "Do you think we can push the car [back onto the highway]?" Trooper Whitehead did not order plaintiff to help, but asked him if plaintiff thought that they could move the car. Plaintiff responded by moving to the rear of the car and pushing. Trooper Whitehead could not foresee that Liang would lose control of the Celica and strike both him and plaintiff.

■ In the case at bar, defendant is under a legal duty to assist motorists experiencing roadside emergency situations. *Baum*, 72 Ohio St.3d at 471, 650 N.E.2d at 1349. Although *Baum* related to an emergency call, the standard is just as applicable in the case at bar. In Trooper Whitehead's judgment, moving the Miata off the median and back onto the road was the appropriate response to

4

the situation at hand. Plaintiff consented of his own volition to assist Trooper Whitehead and was not under any legal duty to do so. Therefore, Trooper Whitehead, as agent of defendant, did not breach a duty of care owed plaintiff.

Accordingly, judgment is rendered in favor of defendant and against plaintiff.

*Judgment for defendant.*