QUAPPE et al.

v.

OHIO DEPARTMENT OF PUBLIC SAFETY et al.

Court of Claims of Ohio.

No. 95–09485.

Decided Jan. 9, 1997.

*Andrew W. Cecil,* for plaintiffs.

*Betty D. Montgomery,* Attorney General, and *J. David Goodman,* Assistant Attorney General, for defendants.

_____

Fred J. Shoemaker, Judge.

Plaintiffs filed an amended complaint alleging that Sgt. Larry A. Baird, an employee under the control of the Ohio Department of Public Safety, Ohio State Highway Patrol, negligently struck the rear end of an automobile in which plaintiffs were seated and that such negligence directly and proximately caused plaintiffs' damages and personal injuries.

A trial was held on September 30, 1996. The court hereby OVERRULES plaintiffs' motion to strike defendants' notice of supplemental authority. The court finds the facts noted in this decision have been established by a preponderance of the evidence.

At 11:40 p.m. on January 7, 1994, a commuter plane, while approaching Port Columbus Airport for landing, crashed in the area of Claycraft Road in Gahanna. The aircraft struck several trees and an unoccupied building and caught fire after the impact. The plane was carrying eight passengers, three of whom survived the crash. The dispatcher at the Highway Patrol's Granville Post monitored reports of the plane crash on a scanner, and State Troopers Sturgeon and Jones were immediately dispatched to the scene. At 11:55 p.m., Trooper Sturgeon made radio contact with the Gahanna Police Department. Since the crash

occurred within the limits of the city of Gahanna, the investigation was turned over to the State Highway Patrol.

The dispatcher contacted the Highway Patrol's Delaware Post to send a supervisor to the scene because no supervisor was on duty at the Granville Post. Sgt. Baird was the supervisor on duty and at 11:55 p.m. reported that he was en route from the Delaware area. After being notified of the plane crash, Sgt. Baird never activated any siren or overhead lights and drove at all times within the posted speed limits. Sgt. Baird was in radio contact with the dispatcher at the Highway Patrol's Columbus Post while driving to the scene. He was aware that many law enforcement officers had been dispatched and had arrived at the accident scene. He was kept informed of the activities at the crash scene and issued some orders while en route to the scene. He drove south on Route 23 to Interstate 270, east on Interstate 270 to the Hamilton Road exit, and he then turned onto Morrison Road. Morrison Road was slippery and the temperature was in the twenties. There was a light snow on the grassy area. Sgt. Baird was driving in a southerly direction when he saw an automobile, driven by Jason M. Marik ("Marik"), moving slowly in a southerly direction (almost stopped) and partly on the right berm. Plaintiffs, Christina and Sheila Quappe, were passengers in Marik's vehicle. An ambulance, with its sirens and lights on, was traveling north from the direction of a crash on Morrison Road. Sgt. Baird attempted to pass Marik's vehicle, but the back end of his automobile began to slide and he hit the rear end of the automobile in which plaintiffs were seated. This accident occurred at approximately 12:30 a.m.

The plane crash created an emergency situation in the Gahanna area. However, Sgt. Baird was not responding to the crash area *on an emergency basis*. He was driving within the speed limits without using any emergency warning signals. He was aware that all emergency problems were being handled by the necessary law enforcement and fire department personnel at the scene. He also knew that he would be supervising the investigation, and to arrive possibly five or ten minutes sooner, by using emergency overhead flashing lights or sirens, was neither wise nor necessary. Sgt. Baird caused this accident simply because the rear end of his motor vehicle started to slide on the slippery road surface when he started to pass Marik's vehicle. His negligence was the sole proximate cause of the accident and the injuries and damages suffered by plaintiffs.

The evidence is absolutely clear that Sgt. Baird, acting as an employee of defendants, violated R.C. 4511.21, which stated:

"(A) * * * [N]o person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

Defendants argue that this court is required to return a verdict for defendants on the authority of *Etter v. Ohio State Hwy. Patrol* (1996), 78 Ohio Misc.2d 1, 667 N.E.2d 1053; *Baum v. Ohio State Hwy. Patrol* (1995), 72 Ohio St.3d 469, 650 N.E.2d 1347.

In *Etter*, the trooper was assisting in pushing a motor vehicle off the median onto the road. The trial court decided that the trooper was properly responding to the roadside emergency situation.

In *Baum*, the State Highway Patrol troopers were involved in a high-speed chase that could have resulted in disastrous results for members of the public using the state route. The Supreme Court of Ohio, in affirming this court's judgment for the Highway Patrol in *Baum*, 72 Ohio St.3d at 471–472, 650 N.E.2d at 1349, stated:

"The State Highway Patrol, unlike private parties, is under a legal duty to pursue fleeing lawbreakers. See R.C. 5503.02(A). In performing this duty for the public, the State Highway Patrol is permitted to take greater risks which would amount to negligence if carried out by private citizens with no emergency duty to perform. See R.C. 4511.24. Thus, liability cannot be determined by 'the same rules of law applicable to suits between private parties.' See R.C. 2743.02(A)(1). Furthermore, this action did not result from the state's breach of a specific duty owed to plaintiff but, rather, from a duty owed to the public in general to enforce the laws. Thus, liability under R.C. Chapter 2743 cannot be imposed since the action did not result from the breach of a duty owed to the particular plaintiff. See *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468, paragraph two of the syllabus."

The court is also aware of *Moore v. Columbus* (1994), 98 Ohio App.3d 701, 649 N.E.2d 850, which stated at 709, 649 N.E.2d at 855, that "R.C. 2744.02 simply does not require that the police officers operate their sirens or overhead lights in order to be deemed to be responding to an 'emergency call' for purposes of invoking immunity from civil liability."

However, in *Moore*, the police officers had been dispatched to the scene of a burglary in progress at a school. It would have been unreasonable to expect the police officers to use warning signals that may have substantially reduced their efforts to arrest the suspect or suspects. Each case must be decided on a case-by-case basis. *Moore* is factually distinguishable.

In the case *sub judice*, there was not a vital public interest requiring Sgt. Baird to respond to the plane crash on an emergency basis. He was approximately an hour away from the crash scene. He was in constant radio contact and was

aware of that emergency vehicles and law enforcement officials were already at the scene. He wisely decided to operate his motor vehicle within speed limits and without warning signals. Unfortunately, when Sgt. Baird attempted to pass the automobile in which plaintiffs were seated, his cruiser slid on ice and he struck that automobile in the rear.

This court finds that Sgt. Baird was responding to an *emergency call.* However, Sgt. Baird *wisely decided not to respond in an emergency manner* because of his location, the weather conditions, and the information he had received over his radio. The *emergency* had ended and Sgt. Baird was then only charged with supervising the investigation. His patrol car struck the automobile in which plaintiffs were passengers because he did not compensate for the extremely icy condition on Morrison Road.

The parties stipulated that Christina's reasonable and necessary expenses were $1,546 and Sheila's reasonable and necessary expenses were $958.74. The driver's insurance company paid these expenses.

The court finds that both plaintiffs lost wages and/or earning capacity, suffered pain, and were unable to perform usual activities, and their lives were adversely affected, both socially and physically, as a direct and proximate result of this accident.

Based on the totality of the evidence, the court will grant judgment for plaintiff Christina Quappe for $8,500, and judgment for plaintiff Sheila Quappe for $9,500 against defendants.

*Judgment for plaintiffs.*

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.