

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROSEANN WARTH

    Plaintiff

    v.

OHIO STATE HIGHWAY PATROL

    Defendant

Case No. 2013-00031-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶1} 1) On January 16, 2013, plaintiff, Roseann Warth, filed a complaint against defendant, Ohio State Highway Patrol ("OSHP"). Plaintiff asserted that she was "heading west on Middle Ridge Rd in Amherst Twp. on 12/7/12 at aprox 9:45 pm. Officer w/lights on stopped ahead of me and parked diagonally in Eastbound lane. Officer exited his vehicle and stood near my vehicle waving his flashlight. It was dark + raining and I assumed he was waving me to continue on. I started driving and he ran over to my vehicle and kicked the front bumper."

{¶2} 2) Plaintiff contends due to the negligent actions of defendant's agent, Trooper Francway, her 2012 Toyota Camry LE sustained bumper damage. Plaintiff seeks damages in the amount of $996.14. Plaintiff submitted the filing fee with the complaint.

{¶3} 3) Defendant denies liability in this matter. Defendant contended that on the day in question, plaintiff observed an OSHP vehicle with its lights on parked

diagonally in the eastbound lane on Middle Ridge Road.  The officer had arrived on the scene moments earlier and noticed a downed telephone pole with wires hanging across the roadway.  The officer "exited his vehicle and approached Plaintiff's vehicle waiving his flashlight, in an attempt to stop her from driving into the wires.

{¶4} "According to Plaintiffs statement, it was dark and raining and she 'assumed' Trooper Francway was waiving her to continue on.  (ROI, p.1).  Despite Trooper Francway's efforts, Plaintiff continued approaching the scene to the point where the Trooper was standing directly in front of her vehicle.  (Complaint).  As a last resort, in an effort to prevent Plaintiff from driving into the wires and suffering a potentially serious injury, Trooper Francway kicked Plaintiff's bumper.  (ROI, p.1, 4; Complaint, p.1)."

{¶5}  4)     Defendant asserted that Trooper Francway was not negligent but doing his duty to prevent the plaintiff from encountering a potentially dangerous situation.  Furthermore, OSHP contended that plaintiff's own negligence caused the damage to her vehicle.  Plaintiff admitted that she saw the OSHP car stopped with its lights flashing, noticed that the telephone pole was leaning, but yet chose to proceed ahead even though Trooper Francway was waiving his flashlight to get her to stop.  Accordingly, plaintiff was negligent in not observing the environment in which she was driving and failing to exercise reasonable care.  Therefore, OSHP argues that plaintiff's claim should be denied.

{¶6}  5)     Plaintiff filed a response to defendant's investigation report.  Plaintiff contended that the damage to her vehicle was caused by the negligent actions of Trooper Francway and his inability to secure the accident scene.  Plaintiff argued that due to his waving "his flashlight back & forth in an inconsistent and erratic pattern" it was unclear how plaintiff should proceed.  When she attempted to proceed forward at a low rate of speed, the officer kicked her bumper rather than verbally communicating to

her his instructions.  Plaintiff contended that she acted in a reasonable manner and her damage was solely caused by the negligent actions of Trooper Francway.

CONCLUSIONS OF LAW

{¶7}    1)    For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.,* 15 Ohio St. 3d 75, 77, 472 N.E. 2d 707 (1984). However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim.  If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden."  Paragraph three of the syllabus in *Steven v. Indus. Comm.*, 145 Ohio St. 198, 61 N.E. 2d 198 (1945), approved and followed.

{¶8}    2)    OSHP has a statutory duty to report and investigate traffic crashes. R.C. 5503.02.  In order to provide guidance governing OSHP activities connected with or related to traffic crashes, the Division of Public Safety has adopted Policy 9-200.01, an administrative policy for traffic crash investigation.  Section II-B of the policy requires the first officer on the scene to take charge and be responsible for administering emergency medical care and summoning whatever assistance is necessary to maintain a safe, orderly traffic flow.  Section II-B further states:

{¶9}    "Maintaining safe, orderly traffic flow may require the removal from the roadway of vehicles, persons, and debris that are not crucial to the investigation. Vehicles involved in minor property damage crashes may be removed immediately from the roadway to restore normal traffic flow.  All efforts are to be made to report or correct any hazardous conditions that may exist at the crash scene.  In every event the

appropriate agency having responsibility to handle that condition should be notified immediately."

{¶10} Therefore, the court finds that the OSHP had a duty to maintain the accident site at Middle Ridge Road in a safe manner until the first accident scene was cleared and the accident site is deemed safe to all motorists.

{¶11} 3)     Contrary to plaintiff's assertions, the record is clear that Trooper Francway acted responsibly and in accordance with OSHP's policies regarding the safe maintenance of the roadway in question.  Upon arrival at the accident scene, Trooper responded quickly by assessing the situation and stopping traffic to prevent any vehicle from driving onto the downed wires.

{¶12} 4)     Furthermore, the common law of Ohio imposes a duty of reasonable care upon motorists that includes the responsibility to observe the environment in which one is driving.  See, e.g. *Hubner v. Sigall*, 47 Ohio App. 3d 15, at 17, 546 N.E. 2d 1337 (10th Dist. 1988).

{¶13} Accordingly, the court finds that Warth had a duty to look ahead of her vehicle toward the accident scene and a duty to stop since she observed the leaning telephone pole.  Warth's failure to comply with these duties was a proximate cause of the accident.  She drove ahead without paying attention to the traffic conditions.

{¶14} 5)     Assuming *arguendo* that plaintiff proved that OSHP was negligent and its negligence was a proximate cause of this accident, the court finds that the overwhelming weight of the evidence proves that Warth's own negligence was greater than any possible negligence on the part of OSHP.

{¶15} 6)     Finally, a finding that patrol troopers are immune from liability in the absence of willful or wanton misconduct also serves a vital public interest.  Patrol troopers have the duty to preserve the public peace, safety, and welfare.  R.C. 5503.01 and 5503.02.  Patrol troopers are expected to act promptly in emergency situations in

order to protect the public. Thus, the goal of promoting patrol Troopers' prompt action in emergency situations will be furthered by a finding that the State Highway Patrol is immune from liability. See *Fish v. Coffey*, 33 Ohio App. 3d 129, 130, 514 N.E. 2d 896 (2nd Dist. 1986).

{¶16} Based on the foregoing the court concludes that, in the absence of willful or wanton misconduct, the State Highway Patrol is immune from liability for injuries caused by a patrol officer in responding to an emergency call.

[Cite as *Warth v. Ohio State Hwy. Patrol*, 2013-Ohio-5924.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


ROSEANN WARTH

    Plaintiff

    v.

OHIO STATE HIGHWAY PATROL

    Defendant

Case No. 2013-00031-AD

Deputy Clerk Daniel R. Borchert


## ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


_____
DANIEL R. BORCHERT
Deputy Clerk


Entry cc:


Roseann Warth
302 Deepwood Lane
Amherst, Ohio 44001

James V. Canepa, Chief Legal Counsel
Ohio Department of Public Safety
1970 west Broad Street, Suite 531
Columbus, Ohio 43223

DRB/laa
filed 10/30/13
sent to S.C. Reporter 1/30/14